Coos, ss.
No. 6337

GEORGE F. HAWKSLEY, a minor,
by his father and next friend, MERLE HAWKSLEY

*v.*

NEW HAMPSHIRE INTERSCHOLASTIC
ATHLETIC ASSOCIATION, INC.

December 23, 1971

*Hinkley & Donovan* ( *Mr. Walter D. Hinkley* orally ) for the plaintiff.

*Orr & Reno* and *Neil F. Castaldo* ( *Mr. Castaldo* orally ) for the defendant.

PER CURIAM. The plaintiff, a member of the senior class of Groveton High School, by this petition seeks an order requiring the defendant to reinstate him as an eligible contestant in school athletic sports, and to permit him to participate in the sports of soccer and basketball during the current school year.

It is not disputed that the plaintiff was a member of the school basketball team during the 1970-1971 school year, and that following the close of the basketball season, he participated in a basketball tournament conducted in the spring of 1971 by the Order of DeMolay of which he was a member. The evidence was that he did so with the knowledge of the school principal, who " wished us good luck in the tournament. "

The defendant is a voluntary association of secondary schools, organized to serve their interests in matters pertaining to inter-scholastic activities. By means of its bylaws, it has for many

years provided for the administration of regulations concerning eligibility of students to participate in schoolboy sports. Section 8( a ) of article II of the bylaws provides that a student who participates in a nonschool tournament or benefit in the sport for which he is certified shall be ineligible for one calendar year "in all sports." Section 8( b ) imposes a penalty of ineligibility to participate in any "interscholastic athletic activity", for a like period, upon any certified player who plays on "any other [nonschool] team", during the season of the sport for which he is certified.

Following the plaintiff's participation in the DeMolay tournament, the Groveton High School principal in May, 1971 ruled that the plaintiff was ineligible in sports, because of violation of section 8( a ) *supra*, thus precluding his participation in basketball and soccer in the fall of 1971. On successive appeals, the ruling of the principal was sustained by the defendant's Eligibility Committee, and in turn by its Representative Council, on September 16, 1971. The petition now before us was thereafter brought, and heard by the Superior Court ( *Morris, J.* ). A restraining order was denied on September 28, 1971, subject to exception. Following a rehearing at which additional evidence was presented, relief was again denied by the presiding justice on October 20, 1971, subject to exception.

The plaintiff's principal contention is that the governing bylaw is section 8( b ), and that since his participation in the tournament occurred after the season of the sport for which he was certified, he was erroneously ruled ineligible under section 8( a ).

Admittedly the plaintiff played in a nonschool tournament. The discipline imposed upon him is not shown to have been inconsistent with traditional interpretation of the defendant's bylaws. We do not find that interpretation to have been unreasonable, nor does the record furnish reason to suppose that the defendant did not act "in good conscience" in the rulings made. *Brown* v. *Wells*, 181 N.W.2d 708, 712 ( Minn. 1970 ). In these circumstances, we may not substitute our judgment for that of the defendant's boards. *See Bricker* v. *N. H. Medical Society*, 110 N.H. 469, 272 A.2d 614 ( 1970 ).

The bylaw under which the defendant's ruling was made ( *s.* 8( a )) provides for ineligibility "for one calendar year", an expression contrasting with the phrase "the current school year"

which precedes it in the same section. According to common usage, a "calendar year" is a "readily understandable term" (*Ranch* v. *Industrial Accident Comm'n.*, 4 Cal.2d 767, 53 P.2d 154 ( 1935 )), describing a year which commences on January 1 and ends on December 31, as indicated both by decision and the dictionary. *State ex rel Gareau* v. *Stillman*, 18 Ohio St. 2d 63, 247 N.E.2d 461 ( 1969 ); Webster's Third New International Dictionary 316 ( 1961 ); *see* Annot., 5 A.L.R.3d 584, 590 ( 1966 ). It is therefore fair to conclude that the literal interpretation of section 8( a ) which produced the plaintiff's ineligibility also requires his reinstatement after December 31, 1971, so that he will be eligible to participate in all sports thereafter. As applied to this case, " ineligible . . . for one calendar year " must mean ineligible " during " the calendar year in which the particular violation occurred.

There is no reason to assume that the defendant will refuse to recognize this essential feature of its regulation under which it acted. Accordingly it is unnecessary to issue any restraining order in this court.

*Plaintiff's ineligibility to terminate*
*December 31, 1971; petition dismissed.*

GRIFFITH, J., did not sit; GRIMES, J., concurred in the result.

GRIMES, J., concurring in the result. I agree with that part of the opinion relating to the length of the disqualification. I would, however, hold that Sections 8( a ) and 8( b ) are too vague to form the basis of a penalty and that a player could reasonably assume that he would not be in violation of the rules if he played on another team after the season had ended as was the case here. In my opinion the imposition of the penalty in this case was unreasonable. *See Bricker* v. *Sceva Speare Memorial Hospital*, 111 N.H. 276, 281 A.2d 589 ( 1971 ).