STATE OF CONNECTICUT *v.* LARRY TINSLEY

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued January 10—decision released March 25, 1980

*Francis T. Mandanici,* assistant public defender, with whom, on the brief, were *Jerrold H. Barnett,* public defender, and *Herbert J. Bundock,* public defender, for the appellant (defendant).

*Richard L. Shiffrin,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Jonathan Benedict,* assistant state's attorney, for the appellee (state).

BOGDANSKI, J. The defendant was charged in an information with the crime of sexual assault in the second degree in violation of § 53a-71 (a) (1)[1] of the General Statutes in the first count, and with the crime of assault in the third degree in violation of § 53a-61 (a) (1) in a second count. After a jury trial he was found guilty on the first count and not guilty on the second count. From the judgment rendered, he has appealed.

The state initially presented the following evidence: testimony by the complainant that she first had sexual intercourse with the defendant towards the end of February, 1976, and subsequently on at least ten different occasions, the last time being just prior to August 2, 1976; that she was born on August 27, 1961; and that on August 4, 1976, she and her guardian gave notice to the police of her sexual

---

[1] The information as to the first count reads that: ". . . between the 14th day of February, 1976 and the first day of August, 1976 . . . the said Larry Tinsley engaged in sexual intercourse with another person . . . and such other person was under 15 years of age . . . ."

Section 53a-71 (a) of the General Statutes provides that "[a] person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under fifteen years of age . . . ."

activities with the defendant. The complainant also testified that in July of 1976 she learned that she was pregnant, and that on January 21, 1977, she gave birth to a child.

Following the presentation of that evidence, the state rested. A discussion then took place between counsel and the court as to the applicability of § 53a-69, as amended by Public Acts 1976, No. 76-216, concerning the limitation on prosecutions where a complaint has not been made within one year after the parent or guardian of a victim under the age of sixteen learns of the alleged sexual assault. The defendant moved for a dismissal of the sexual assault charge on the ground that since Public Acts 1976, No. 76-216 did not become effective until October 1, 1976, the three month limitation applied.[2] The court denied the motion. The trial court, however, permitted the state to open its case. The state recalled the complainant who testified that she and the defendant had sexual intercourse in May, June, and July of 1976, as well as on August 1, 1976. The trial court also permitted the state to file a substituted information[3] limiting the sexual assault charge to the period between May 3, 1976 and August 1, 1976.

---

[2] Section 53a-69 formerly provided that "[n]o prosecution [for any sex offense] may be instituted or maintained under this part unless the alleged offense was brought to the notice of public authority within three months of its occurrence or, where the alleged victim was less than sixteen years old or incompetent to make complaint, within three months after a parent, guardian or other competent person specially interested in the alleged victim learns of the offense." The 1976 amendment increased the time limitation to one year.

[3] The substituted information read that ". . . between the 3rd day of May, 1976, and the 1st day of August, 1976 . . . the said Larry Tinsley engaged in sexual intercourse with another person . . . and such other person was under 15 years of age . . . ."

The court then advised counsel it was going to instruct the jury to disregard any evidence as to sexual intercourse occurring between February and May of 1976. The defendant objected on the ground that the evidence already heard by the jury as to the alleged criminal acts occurring during that period of time was prejudicial and inflammatory in that the complainant had testified that she became pregnant in April or May of 1976, that she had a child on January 21, 1977, and that the defendant was the father of that child. The defendant argued that curative instructions by the court could not erase that evidence from the minds of the jurors.

The medical evidence at trial clearly revealed that the child was conceived in April or early May of 1976. On the basis of that evidence, the child could have been conceived outside of the three month period within which the state was bound to limit its evidence. That the evidence concerning the conception and birth of the child was prejudicial to the defendant cannot be questioned. The testimony which the jury was instructed to disregard was to the effect that the defendant not only had sexual intercourse with the fourteen year old complainant but also had refused to acknowledge his own child. The question dispositive of this appeal is whether the court erred in denying the defendant's motion for a mistrial based on the fact that the jury heard evidence which was inadmissible and prejudicial.

While in many instances error involved in presenting inadmissible evidence to a jury may be cured by appropriate instructions, a curative instruction is not inevitably sufficient to overcome the prejudicial impact of such evidence. "It is not

unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information. Nevertheless, as was recognized in *Jackson* v. *Denno* [378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964)], there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton* v. *United States*, 391 U.S. 123, 135, 88 S. Ct. 1627, 20 L. Ed. 2d 476 (1968). "The government should not have the windfall of having the jury be influenced by evidence against a defendant which, as a matter of law, they should not consider but which they cannot put out of their minds." *Delli Paoli* v. *United States*, 352 U.S. 232, 248, 77 S. Ct. 294, 1 L. Ed. 2d 278 (1957) (dissenting opinion), cited with approval in *Bruton* v. *United States*, supra, 129.

We conclude that the prejudicial effect of the inadmissible evidence was such that there was little likelihood of its being cured by the court's instruction and that therefore the court erred in denying the defendant's motion for a mistrial.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.