# State of Connecticut *v.* Juan Tirado
## (7249)

Dupont, C. J., Borden and Spallone, Js.

Argued September 13, 1989—decision released May 8, 1990

*Brian J. Farrell,* with whom was *Kevin D. Parsons,* for the appellant (defendant).

*Leah Hawley,* deputy assistant state's attorney, with whom, on the brief, was *Michael Dearington,* state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of two counts of risk of injury to a child in violation of General Statutes § 53-21. He claims that the trial court erred (1) in admitting certain evidence of uncharged misconduct that did not occur within the applicable statute of limitations period, (2) in ruling in limine that the state could, on cross-examination, ask certain questions to impeach the defendant's proposed character witnesses, and (3) in denying his motion for a judgment of acquittal. He also claims that General Statutes § 53-21 is unconstitutionally vague as applied to the facts of this case. We find no error.

In the first count of the amended information, the state charged that on diverse dates from approximately August 27, 1982, through May, 1984, the defendant wilfully caused or permitted the victim, who was under the age of sixteen, to be placed in a situation where her morals were likely to be impaired "by kissing the victim, exposing himself in front of the victim and requesting her to engage in sexual contact." In the second count, the state claimed that, in the same time period, the defendant committed certain acts likely to impair the victim's morals, namely, "having contact

with the intimate parts of the victim and having the victim perform oral sex on [the defendant]."

The jury could reasonably have found the following facts. The defendant is the paternal uncle of the female victim, who was born on January 10, 1969. Between August, 1982, and May, 1984, there was a continuing course of sexual conduct between the defendant and the victim. This conduct included the defendant's masturbating in front of the victim, making the victim masturbate him by putting her hand on his penis, forcing the victim to perform oral sex on him, and kissing and touching the victim, both with her clothes on and off. These incidents occurred in the victim's home, where she lived with her parents and brother. The victim described her relationship with the defendant during this period of time as "incestuous." She also testified that the defendant first began touching her sexually when she was less than nine years old, and that the sexual conduct included an act of vaginal intercourse and an act of cunnilingus. She further testified that the conduct continued until May, 1984, when she realized that she could stop the defendant, and did so.

The defendant denied that any of the conduct described by the victim took place. He testified, and introduced corroborating evidence, that during the time period in question he was unable to perform sexually due to medication he was taking for a heart condition. He also testified that the victim knew of an affair he claimed to have had with her mother between 1967 and 1980, and that her testimony was in retaliation against him for that affair.

I

The defendant first claims that the court erred in admitting evidence of uncharged sexual misconduct by him with the victim occurring prior to August 27, 1982. Events occurring prior to that date would be outside

the five year statute of limitations period applicable to the charges against the defendant.[1] When the evidence was admitted, the court gave a limiting instruction. See footnote 2, infra. The defendant takes no issue with the limiting instruction given by the court. See General Statutes § 54-193 (b). Rather, the defendant claims that the court should have sustained his objections to the victim's testimony regarding their sexual conduct that occurred prior to August 27, 1982, and that no limiting jury instruction was sufficient to overcome the prejudicial effect of this erroneously admitted evidence. We disagree.

The defendant's claim is controlled by *State* v. *Ouellette,* 190 Conn. 84, 93–95, 459 A.2d 1005 (1983). Evidence of a defendant's prior sexual misconduct with his victim is admissible to prove, inter alia, a pattern of criminal activity, provided that the trial court determines the probative value of such evidence outweighs its prejudicial effect, and that the court also gives an appropriate limiting instruction. Id. In this case, the evidence was highly probative of the defendant's continuing course of sexual conduct with the victim, and the court did not abuse its discretion in finding that the probative value of the evidence outweighed its prejudicial effect. Moreover, the court appropriately instructed the jury regarding the limited purpose of the evidence,[2] in accordance with the language approved

---

[1] The defendant was arrested on August 27, 1987.

[2] Before the victim testified to acts of sexual contact by the defendant occurring outside of the limitations period, the court stated: "I do want to caution the jury that you're aware from the reading of the information that the crimes alleged therein are alleged to have occurred from approximately August 27, 1982, to and including May, 1984. Now, any evidence prior to approximately August 27, 1982, is to be—is not to be considered by you as proof of any offense other than those alleged in the information, and is put before you only for the purpose of showing a system, a general system of acts here."

The court gave a similar instruction later during the victim's testimony, and during its final instructions to the jury stated as follows: "During the

by the court in *State* v. *Ouellette,* supra, 95, namely, that the evidence " 'was not to be considered as proof of offenses other than [those] charged' " in the information. Id., quoting *State* v. *Sebastian,* 81 Conn. 1, 4, 69 A. 1054 (1908).

The fact that the evidence related to conduct occurring beyond the statute of limitations period does not affect its admissibility under this rule. The evidence was admitted for the limited purpose of showing the defendant's pattern of criminal sexual activity with the victim. While the statute of limitations protects the defendant against prosecution for crimes committed beyond its reach; *State* v. *Whiteman,* 204 Conn. 98, 526 A.2d 869 (1987); it does not serve as a limitation on the admissibility of otherwise admissible evidence probative of a course of criminal activity with the victim.

*State* v. *Tinsley,* 180 Conn. 167, 429 A.2d 848 (1980), on which the defendant relies, is not to the contrary. *Tinsley* does not hold that otherwise admissible evidence of the defendant's prior misconduct is barred by the statute of limitations. In that case, evidence of sexual activity occurring outside the statute of limitations period was inadmissible because it did not fall within any of the limited purposes constituting exceptions to the rule barring evidence of uncharged crimes. See id., 170. The court held that the inadmissible evidence was

presentation of the evidence in this case, you have heard testimony of allegations of various acts which took place, if at all, outside of the time limits stated in the information. These dates are crucial. And to find the accused guilty, you must find that the acts alleged in the information occurred within that time frame. You may not convict the accused based on acts which took place outside of the time frame of August 27, 1982, to May 1, 1984. Evidence of those other acts outside of that time frame, even if you believe those acts took place, may only be used to find a system of criminal activity. . . . [Y]ou must confine your considerations and convict the defendant only on acts you find to have occurred within the time frame of August 27, 1982, to May 1, 1984."

so prejudicial that it could not be remedied by the court's limiting instruction. Id., 171. By contrast, the challenged evidence in this case was admissible because it came within one of those exceptions, namely, to show a pattern of criminal activity.

## II

The defendant next claims that the court erred in granting the state's motion in limine regarding the cross-examination of certain proposed character witnesses for the defendant. This claim evades meaningful appellate review because the proposed cross-examination never took place, due to the defendant's failure to call his proposed character witnesses. In the absence of both the direct and cross-examination, we have no basis on which to review on this claim. See *State* v. *Scott,* 11 Conn. App. 102, 104–108, 525 A.2d 1364, cert. denied, 204 Conn. 811, 528 A.2d 1157 (1987) (no review of in limine ruling regarding proposed cross-examination of the defendant who chose not to testify on basis of that ruling).

## III

The defendant next claims that the court erred in denying his motion for a judgment of acquittal. This claim is without merit.

The defendant's claim is in two parts. He first argues that his conviction on the first count of the information cannot stand because it was based on an allegation of kissing the victim. He claims that there was evidence of only one incident of kissing, and, under *State* v. *Schriver,* 207 Conn. 456, 542 A.2d 686 (1988), kissing alone cannot constitute a violation of General Statutes § 53-21.

General Statutes § 53-21 prohibits two types of behavior likely to impair the health or morals of a minor: (1) deliberate indifference to, acquiescence in,

or the creation of situations inimical to the minor's health or morals; and (2) acts directly perpetrated on the minor's person that are harmful to his health or morals. *State* v. *Sullivan,* 11 Conn. App. 80, 90, 525 A.2d 1353 (1987). In the first count of the information, the state invoked the first prohibition by alleging that the defendant wilfully or unlawfully caused or permitted "a child under the age of sixteen to be placed in such a situation that her morals were likely to be impaired by kissing the victim, exposing himself in front of the victim and requesting her to engage in sexual contact."

It is clear that the allegation that the defendant kissed the victim was not meant to provide the sole basis for a conviction under the first count, but was intended to be part of the state's allegation that there was a pattern of sexual conduct. That pattern also included the defendant exposing himself to the victim and requesting her to engage in sexual contact with him. It is equally clear that the state's evidence went far beyond the sole incident of the defendant's kissing the victim, and that the court's jury instructions, fairly read, did not mislead the jury into believing that it could convict the defendant solely on the basis of the incident involving kissing.

In *State* v. *Schriver,* supra, 466, the court held that "grabbing the waist of a fully clothed minor while uttering a sexually suggestive remark is not the type of lewd conduct that [the impairment of morals clause of] § 53-21 proscribes." Id. That isolated incident was the state's sole basis for conviction. In this case, however, unlike *Schriver,* the defendant's kissing of the victim was charged and proven, not as an isolated incident, but as part and parcel of a continuing course of sexual conduct likely to impair her morals.

The defendant next argues that the evidence was insufficient for a guilty verdict under both counts of the information because the victim's testimony was vague regarding the specific dates of the defendant's contacts with her, and because she testified that she was uncertain whether the act of vaginal intercourse took place within the applicable time frame. This claim is without merit. The victim sufficiently located the time period of the defendant's other sexual conduct with her as between August, 1982, and May, 1984. See *State* v. *Spigarolo,* 210 Conn. 359, 385–87, 556 A.2d 112, cert. denied,     U.S.     , 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989). With respect to the act of vaginal intercourse, because the victim could not locate that act within the time period charged in the information, any reference to it was deleted from the substituted information submitted to the jury, and the court specifically instructed the jury not to consider it as one of the facts that it could consider proven as a basis for conviction.

## IV

The defendant's final claim is that General Statutes § 53-21 is unconstitutionally vague as applied to the facts of this case because the jury could have found that some of the defendant's conduct on which the state relied took place after the victim's fifteenth birthday, and that she consented to it. Thus, he argues that, under *State* v. *Perruccio,* 192 Conn. 154, 471 A.2d 632, appeal dismissed, 469 U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984), his conviction must be set aside. We disagree.

Because he did not raise this claim at trial, the defendant seeks review of it under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). In *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989), our Supreme Court held that a defendant can prevail on a constitutional error not preserved at trial only if four conditions are

met. Under the *Golding* guidelines, we are free to respond to the defendant's claim by focusing on that condition "most relevant in the particular circumstances." Id., 240. We focus, therefore, on whether "the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial." Id. We conclude that no such violation or deprivation occurred.

In *State* v. *Perruccio*, supra, 164–65, our Supreme Court held that General Statutes § 53-21 was unconstitutionally vague when applied to arguably consensual sexual conduct between the defendant and a fifteen year old victim. In that case, the conduct consisted of two incidents. One occurred when the male defendant brought the fifteen year old female victim to his home, where they sat on the couch together and listened to music while she drank beer, and where the defendant then kissed her, carried her into his bedroom, undressed her and had sexual intercourse with her. The second incident occurred a week later when the defendant again took the victim to his home, where both removed their own clothes and they had sexual intercourse. The defendant requested the trial court to charge the jury that consent was a defense to the risk of injury charge. The court declined, and charged that consent was not a defense. Our Supreme Court held that, because other criminal statutes permitted sexual activity with a fifteen year old, General Statutes § 53-21 would be unconstitutionally vague if applied where a fifteen year old victim consented to such activity. Id., 164–65. The court carefully limited its decision to the application of General Statutes § 53-21 to the facts of that case; see id., 164–65 n.5; and we reject any suggestion that *Perruccio* requires the trial court, sua sponte, to give a consent instruction whenever the victim in a risk of injury prosecution is fifteen years of age.

*Perruccio* is clearly distinguishable from this case. In *Perruccio,* the evidence was reasonably susceptible

of a finding of consent by the jury, whereas in this case there is no basis in the evidence for a rational inference of consent by the victim. "Consent" means the "capable, deliberate and voluntary agreement to or concurrence in some act or purpose implying physical and mental power and free acting." Webster, Third New International Dictionary. It is the "voluntary acceptance or allowance of what is done or planned by another." American Heritage Dictionary of the English Language. Whether a victim of a sexual assault "should be found to have consented depends upon how her behavior would have been viewed by a reasonable person under the surrounding circumstances." *State* v. *Smith*, 210 Conn. 132, 142, 554 A.2d 713 (1989).

There is no reasonable suggestion emanating from this victim's testimony that she consented to the sexual acts. Unlike *Perruccio,* where there were two isolated instances of arguably consensual sexual conduct with a fifteen year old victim, here the sexual conduct was part of an ongoing course of conduct perpetrated on the young victim by her adult uncle. That conduct, which she described as incestuous, began when the victim was nine years old, and it ended shortly after her fifteenth birthday only when she realized that she could stop the defendant from continuing it. No reasonable person would have viewed the victim as having consented to the sexual conduct occurring after her fifteenth birthday. *State* v. *Smith,* supra.

Furthermore, in *Perruccio,* the defendant raised and relied on the claim that the victim consented to the sexual conduct in question. In this case, the defendant chose not to raise the issue of consent, and his testimony was wholly inconsistent with any suggestion that the sexual activity between them was consensual. His claim was that *no* such activity took place.

Finally, we cannot escape the strong suggestion in the record that the failure of the defendant to raise the issue of consent at trial may well have been a trial tactic. Consent as a defense under *Perruccio* would have applied only to that conduct of the defendant occurring after January 10, 1984, when the victim reached the age of fifteen. It would not have applied to any conduct occurring between August 27, 1982, and January 10, 1984. Thus, in order to raise consent as a defense, the defendant would have been required to present to the jury, or to request the court to present in its instructions to the jury, an alternative theory of defense—that after January 10, 1984, the victim and he had engaged in consensual sexual activity. This would have been wholly inconsistent with his principal theory of defense, namely, that no sexual conduct occurred at all.

As the case was actually tried, the jury had two theories from which to choose: (1) based on the state's evidence, that the sexual conduct occurred over a long period of time, including August 27, 1982, through May, 1984; and (2) based on the defendant's evidence, that no such conduct occurred. Injecting the issue of consent insofar as it might apply to the time period between January 10, 1984, and May, 1984, would have given the jury a third option, namely, that there was consensual sexual activity occurring after the victim's fifteenth birthday. Such a suggestion, however, would have been strategically devastating to the defendant because it would have been highly probative of similar activity having taken place before that date, activity to which the defense of consent would not apply.

It is true that, as a matter of law, a defendant is entitled to raise inconsistent defenses. *State* v. *Folson,* 10 Conn. App. 643, 649–50, 525 A.2d 126 (1987). That does not mean, however, that he is required to do so. Where, as in this case, the record strongly suggests

a tactical decision to forego such a course, the defendant cannot escape appellate scrutiny of that factor in our determination of whether he was deprived of a fair trial.

There is no error.

In this opinion, DUPONT, C. J., concurred.

SPALLONE, J., dissenting. I cannot agree that the issue of consent was no part of this case. The court's failure to instruct the jury on the defense of consent violated the defendant's right of due process and put him at risk of being convicted of acts beyond the reach of the law.

At the time these events occurred, General Statutes § 53-21, despite its language, could not criminalize sexual activities with a consenting fifteen year old. *State* v. *Perruccio,* 192 Conn. 154, 166, 471 A.2d 632, appeal dismissed, 469 U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984). Due process requires that the defendant be informed of the nature and cause of the accusation against him; *State* v. *Newton,* 8 Conn. App. 528, 536, 513 A.2d 1261 (1986); and the statute with its *Perruccio* gloss constituted notice of prohibited activities. I find nothing in the record, however, to show that the state prosecuted its case in compliance with the *Perruccio* limitation.[1] The jury could not have known from

---

[1] The record indicates that the state did not realize, at least at first, that at the time of the alleged activities the age of consent was fifteen years. The original information charged the defendant with first and second degree sexual assault and with two counts of risk of injury to a child. Between October, 1987, and May, 1988, the state filed two substituted informations charging the defendant with multiple counts of first and second degree sexual assault and risk of injury. In these three informations, the state did not quote the statute in effect at the time of the incidents, wherein the age of consent was fifteen years, but quoted the current version of the second degree sexual assault statute; General Statutes (Rev. to 1985) § 53a-71 (a) (1); wherein the age of consent is sixteen years.

One count of first degree sexual assault was dropped when the victim could not state with confidence that the attempted sexual intercourse

the state's case or the court's instructions that consensual sexual activity on the day before the victim turned fifteen was a crime, but that the same act was no crime at all on the following day.

The state did not treat as relevant the fact that the victim turned fifteen years old on January 10, 1984, and was, therefore, for some months, old enough to consent to the sexual activities. The state could have, but did not, limit the charge to the months before January, 1984, the period during which the victim was legally incompetent to consent. The state could have, but did not, establish that even one incident occurred before January 10, 1984. The victim was unable to state the dates, or even the years, of particular events and testified only that the incidents took place between August 27, 1982, and May, 1984.

Moreover, the state did not establish that any incident occurred without the victim's consent despite evidence to the contrary. The victim admitted that she was never subjected to threats or physical force. She did not refuse the defendant's sexual advances or call for help even when family members were nearby in the house. She willingly allowed the defendant into her house when she was home alone, and she accepted gifts of money from him after some of the incidents. The activities ended immediately once the victim "decided to put a stop" to them by objecting.

The state acknowledges that the defendant, had he so requested, would have been entitled to a jury instruc-

occurred after August 27, 1982. The remaining counts of first and second degree sexual assault were dismissed for multiplicity on the defendant's motion. The third and final substituted information charges only two counts of risk of injury.

Nothing in the record indicates when, if ever, during the trial the state realized that there existed a statutory anomaly regarding ages of consent that required the application of the *Perruccio* gloss to the charged crimes.

tion on the defense of consent. See *State* v. *Perruccio,* supra; *State* v. *Apostle,* 8 Conn. App. 216, 248, 512 A.2d 947 (1986). Although the defendant neither requested the instruction nor objected to the charge as given, the trial court must give a consent instruction when, viewed in the light most favorable to the defendant's claim; *State* v. *Fuller,* 199 Conn. 273, 279, 506 A.2d 556 (1986); *State* v. *Webley,* 17 Conn. App. 200, 204, 551 A.2d 428 (1988); the words or conduct of the complainant under all the circumstances would justify a reasonable belief that the victim had consented. *State* v. *Smith,* 210 Conn. 132, 141, 554 A.2d 713 (1989).

If the evidence indicates that a recognized defense is available, "a defendant is entitled as a matter of law to a theory of defense instruction."[2] *State* v. *Webley,* supra. I find that the evidence, necessarily viewed in the defendant's favor, raised at trial the issue of the victim's consent. Once raised, the state bore the burden of proving lack of consent beyond a reasonable doubt; *State* v. *Smith,* supra, 141; *State* v. *Preyer,* 198 Conn. 190, 199, 502 A.2d 858 (1985); and the court then had the obligation to instruct the jury in accordance with the statute's limiting gloss.

---

[2] I note that language in *State* v. *Torrice,* 20 Conn. App. 75, 564 A.2d 330 (1989), apparently provides support for the state's contention that the trial court need not instruct the jury on a defense absent a request for a charge. "Although it is generally true that a defendant is entitled to an appropriate defense instruction when it is warranted by the evidence . . . our Supreme Court has expressly stated that the trial court does not have a constitutional duty to instruct on a defense sua sponte." (Citation omitted.) Id., 83. This statement references *State* v. *Preyer,* 198 Conn. 190, 198 n.9, 502 A.2d 858 (1985), in which the Supreme Court imposes the limitation only on *affirmative* defenses. The court explicitly distinguished affirmative defenses, for which the defendant bears the burden of proof, from other defenses such as justification or self-defense. Because consent, like alibi, is not an affirmative defense under the sex offense statutes, the state bears the burden of proving lack of consent beyond a reasonable doubt whenever the issue is raised, and the court must so instruct the jury. *State* v. *Smith,* 210 Conn. 132, 140, 554 A.2d 713 (1989).

The majority finds that the evidence overwhelmingly supported the verdict. Even if this were so, a review of the sufficiency of the evidence does not reach the heart of the defendant's claim that the statute was unconstitutionally vague. A vagueness claim posits that although the jury did find sufficient evidence, the verdict is suspect because the statutory standards were overbroad. "The gist of a vagueness claim . . . is that due process is violated whenever sufficient evidence of guilt is too readily found by a jury that is left to its own discretion . . . ." *State* v. *Schriver,* 207 Conn. 456, 458–59 n.3, 542 A.2d 686 (1988) (comparing vagueness and sufficiency claims).

This court should not assume that the jury's verdict would have been the same had the questions of age and consent been clearly before it. The state's failure to present relevant evidence and the absence of proper instructions from the court so prejudiced the defense as to call into question the fundamental fairness of the trial. See *State* v. *Newton,* supra (improper charge under § 53-21 deprived defendant of opportunity to mount defense and was due process violation). The jury here was instructed that it had to find, beyond a reasonable doubt, that the defendant committed at least one of the acts charged with a victim younger than sixteen. The jury was not instructed to consider whether that act or acts occurred when the victim was fifteen, and, if so, whether she consented. Because the jury could have impermissibly convicted the defendant for consensual sexual activities with a fifteen year old, I would find § 53-21 to be unconstitutionally vague as applied.

Accordingly, I dissent.