## STATE OF CONNECTICUT *v.* JASON B.*
## (AC 15323)

Landau, Dupont and Shea, Js.

---

\* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

Argued May 1—officially released October 28, 1997

*Jon L. Schoenhorn*, with whom, on the brief, was *Alice M. Sexton*, for the appellant (defendant).

*Carolyn K. Longstreth*, assistant state's attorney, with whom were *Herbert Carlson*, assistant state's attorney, and, on the brief, *James E. Thomas*, state's attorney, for the appellee (state).

### Opinion

SHEA, J. Following a trial to the court, the defendant appeals from the judgment adjudicating him to be a youthful offender, in violation of General Statutes (Rev. to 1993) § 54-76b, by having committed the crimes of sexual assault in the second degree in violation of Gen-

eral Statutes § 53a-71 (a) (1),[1] and injury or risk of injury to a child in violation of General Statutes (Rev. to 1993) § 53-21.[2] He claims that the finding of a violation of § 53a-71 (a) (1) is incorrect because (1) that statute does not apply to him as he was not more than two years older than the victim, (2) it is unconstitutionally vague as applied to the circumstances of this case and (3) it deprives the defendant of equal protection of the law as guaranteed by the fourteenth amendment of the federal constitution. The defendant also maintains that the finding of a violation of § 53-21 must be reversed because (1) the evidence adduced by the state to prove the charge of risk of injury to a child was insufficient to establish his guilt and (2) that statute is unconstitutionally vague as applied to the conduct of the defendant on which the violation is based. We affirm the judgment of the trial court.

The trial court reasonably could have found the following facts from the evidence presented. Both the victim and the defendant were students at Enfield High School. The victim was the manager of the school football team, and the defendant was a player on the team.

On September 21, 1994, the victim attended football practice and performed her usual duties. The defendant also attended practice, but did not participate because of an injury. At the end of practice, the defendant

[1] General Statutes § 53a-71 (a) provides in relevant part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes (Rev. to 1993) § 53-21 provides: "Injury or risk of injury to, or impairing morals of, children. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

offered the victim a ride to her home, and she accepted. The defendant also agreed to drive another player on the football team to his home.

The defendant drove toward the home of the other player, who occupied a rear seat of the car, and the victim sat in the front passenger seat. During the ride, the defendant and the other player made some remarks about the victim's breasts. The defendant also said he intended to have the victim perform oral sex on him.

After leaving the other player at his home, the defendant drove around for a short while and finally entered a cemetery driveway. He drove to the rear of the cemetery and parked the car. He and the victim kissed for a while, and then he unzipped his pants. At trial the victim testified that the defendant forced her to perform fellatio,[3] but the trial court concluded that the state failed to sustain its burden of proving beyond a reasonable doubt the element of compulsion.

On the date of the incident, September 21, 1994, the victim was fourteen years old, her birthday being August 16, 1980. The defendant was sixteen years of age, his birthday being May 9, 1978. The difference between their birthdays is two years, three months and seven days.

I

The trial court concluded that the defendant had violated the following provision of General Statutes § 53a-71: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . ." The defendant maintains that, in

---

[3] General Statutes § 53a-65 provides in relevant part: "(2) 'Sexual intercourse' means . . . fellatio . . . between persons regardless of sex. . . ."

common parlance, age differences are calculated by comparing the birth years of the persons involved, without regard to the days or months of their births, and, therefore, the age difference between him, born in 1978, and the victim, born in 1980, does not exceed two years. He also contends that the phrase "more than two years older" is ambiguous because of the provision of General Statutes § 1-1 (i) that "[t]he word 'month' shall mean a calendar month, and the word 'year' a calendar year, unless otherwise expressed." Relying on the standard definition of calendar year as "[t]he period from January 1st to December 31st, inclusive, of any year"; Ballentine's Law Dictionary (3d Ed. 1969); the defendant argues that a sixteen year old person can never be more than two calendar years older than one of fourteen years, even though there may be more than twenty-four months between their birth dates. We agree with the defendant that, if there is ambiguity in § 53a-71 (a) (1), the construction most favorable to him must be adopted. *State* v. *McGann*, 199 Conn. 163, 177, 506 A.2d 109 (1986).

The term "calendar year," by itself, is not free of ambiguity. Webster provides two definitions: "1: a period of a year beginning and ending with the dates which are conventionally accepted as marking the beginning and end of a numbered year (as Jan. 1 and Dec. 31 in the Gregorian calendar) 2: a period of time equal in length to that of the year in the calendar conventionally in use (as in the Gregorian calendar 365 days or when a Feb. 29 is included 366 days)." Webster's Third New International Dictionary. Black's Law Dictionary also provides two definitions: "The period from January 1 to December 31 inclusive. Ordinarily calendar year means 365 days except leap year, and is composed of 12 months varying in length." Black's Law Dictionary (6th Ed. 1990). Judicial interpretation of the term has produced a variety of results, some of which cannot be

reconciled with either definition. See, e.g., *Hawksley* v. *New Hampshire Interscholastic Athletic Assn., Inc.*, 111 N.H. 386, 387–88, 285 A.2d 797 (1971) (ineligibility suspension of high school athlete for one calendar year beginning May, 1971, expired on December 31, 1971); *In re Vernon's Estate*, 62 N.Y.S.2d 683, 684 (1946) (trust provision authorizing payment from trust principal of $5000 each calendar year construed to allow such payment to be made in each twelve month period following death of testator).

In any event, "[t]he provisions of [§ 1-1], concerning the construction of statutes, [were] not intended to limit the power of the legislature in the enactment of laws, nor to affect the construction of laws when enacted, where the legislative intent is clear." *Lew* v. *Bray*, 81 Conn. 213, 217, 70 A. 628 (1908). "They are but legislative enactments and must yield to the later expression of the legislative will." *Atwood* v. *Buckingham*, 78 Conn. 423, 426, 62 A. 616 (1905). "The letter of a statute cannot prevail against the plainly indicated intent of the legislature." *Brown's Appeal*, 72 Conn. 148, 150, 44 A. 22 (1899); see *Spring* v. *Constantino*, 168 Conn. 563, 572, 362 A.2d 871 (1975); *Dostmann* v. *Zoning Board of Appeals*, 143 Conn. 297, 300, 122 A.2d 19 (1956).

Although the term "years" as used in § 53a-71 (a) (1) is not ambiguous, the defendant contends that an ambiguity is created by § 1-1 (i), which declares that "the word 'year' [shall mean] a calendar year, unless otherwise expressed." When viewed in the light of its evident purpose and legislative history, however, we conclude that § 53a-71 (a) (1) is not ambiguous. As the defendant concedes, the consequence of construing the statute to apply only when more than two calendar years have elapsed between the birth dates of the victim and the actor is to preclude its application to persons less than three years older than the victim. If the legislature contemplated that result, it chose a novel way of

expressing its intention when it used the phrase "more than two years older." "Furthermore, we note that if there are two possible interpretations of a statute and one alternative proves unreasonable or produces the possibility of bizarre results, then the more reasonable alternative should be adopted. . . . The law favors a rational statutory construction and we presume that the legislature intended a sensible result." (Citation omitted.) *State* v. *Parmalee*, 197 Conn. 158, 165, 496 A.2d 186 (1985).

Section 53a-71 (a) (1) was enacted in 1993 as an amendment to a bill that lowered the age of consent in the statutory rape provision to sixteen years. Public Acts 1993, No. 93-340, § 2. The language of the amendment is similar to § 213.3 (1) of the Model Penal Code.[4] The commentary on that provision of the code explains that the proposed exemption when the age disparity between the participants in sexual intercourse does not exceed the proposed limit was a response "to the problem of the imposition of liability on a person of contemporary age and experience by limiting liability to cases where the actor is at least four years older than the underage person." A.L.I., Model Penal Code and Commentaries (1980) § 213.3 (1), comment, p. 385. The effect of the amendment was to render the person who is more than two years older than the other participant in sexual intercourse criminally liable while exempting a person less than two years older than his or her sexual partner from such liability.

---

[4] Section 213.3 (1) of the Model Penal Code provides in relevant part: "A male who has sexual intercourse with a female not his wife . . . is guilty of an offense if: (a) the other person is less than [16] years old and the actor is at least [4] years older than the other person. . . ." Although the code recommends "at least [4] years older" as the permissible age difference between the actor and the other person, the commentary on § 213.3 (1) explains that "[t]he age is bracketed . . . to indicate that the precise differential is one on which reasonable people may disagree." A.L.I., Model Penal Code and Commentaries (1980) § 213.3 (1), comment, p. 386.

In discussing the amendment, the legislators often used the phrase "within two years of age of each other" or its equivalent in referring to those exempt from criminal liability pursuant to the amendment.[5] They noted such concerns as avoiding criminal records for young persons and the desirability of referring minors "less than two years apart in age" to the department of children and youth services (now the department of children and families).[6]

The statute applies to sexual intercourse, consensual or not, when one participant is within the thirteen through fifteen age bracket and the other, on whom criminal liability is imposed, is more than two years older. The legislative purpose was to discourage older youths from having sexual relations with youths with less physical and mental development, maturity and experience. A two year age disparity was established as the maximum permissible to qualify for the exemption created by the amendment. The line of two years drawn by the legislature would be significantly distorted if calendar years were used in calculating the difference

[5] "[The amendment] also modifies the strictness of our law when the sexual activity is between people [who are] within two years of each other." 36 H.R. Proc., Pt. 29, 1993 Sess., p. 10450, remarks of Representative Richard D. Tulisano.

"[W]e deal with one class of sexual activity which is removed from the statutory rape sanctions in our current statutes and that is where children between the ages of 13 and 18 engage in sexual intercourse and they are within two years of each other in age." 36 H.R. Proc., Pt. 29, 1993 Sess., pp. 10457–58, remarks of Representative Moira K. Lyons.

[6] "This amendment cleans up what we had intended originally in the language which [is] to ensure when intercourse occurs between two individuals, two minors who are less than two years apart in age, that the matter would be handled by DCYS . . . ." 36 S. Proc., Pt. 13, 1993 Sess., p. 4585, remarks of Senator George Jepsen.

"There is deep concern among many people about establishing a criminal record and we are trying to avoid that. But once again we need to make a public statement that this General Assembly does not support early teenage sexual activity." 36 H.R. Proc., Pt. 29, 1993 Sess., pp. 10463–64, remarks of Representative Reginald L. Jones, Jr.

in ages of the participants. Persons born after January 1 of any year would not begin their first calendar year until January 1 of the next year and could have almost a full year more of maturity than those born in December of the same year, even though their ages in calendar years would be the same. Such an absurd result was never intended by the legislature, despite the provision in § 1-1 (i) that year means a calendar year. We must assume that the legislature intended that § 53a-71 (a) (1) should be applied uniformly when the age disparity exceeds two years as calculated on the basis of birth dates and did not intend to create a special method of calculating the disparity based on calendar years that would be advantageous to those born early in a calendar year.[7] We conclude that the term years as used in § 53a-71 (a) (1) does not mean calendar year but refers to a period of 365 days or 366 days in a leap year.

II

The defendant's challenge to § 53a-71 (a) (1) on the ground that it is void for vagueness is based on the same claimed ambiguity we have discussed in part I. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender* v. *Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983). "[A] law forbidding or requiring conduct in terms so vague that [persons] of common intelligence must necessarily guess

---

[7] If courts were obliged to construe the many statutes using the word "year" as meaning calendar year exclusively, the ramifications would be significant. Some state employees entitled to a retirement salary at the age of sixty-five years would have to work almost one year longer in order to become eligible. See, e.g., General Statutes §§ 5-192*l* and 51-50 (a). Whenever a statute contains an age requirement expressed in years, many persons who would fulfill that requirement if year meant simply twelve months, would not qualify if their ages were computed in calendar years.

at its meaning and differ as to its application violates due process of law." *Baggett* v. *Bullitt*, 377 U.S. 360, 367, 84 S. Ct. 1316, 12 L. Ed. 2d 377 (1964); see *State* v. *Indrisano*, 228 Conn. 795, 802, 640 A.2d 986 (1994); *State* v. *Schriver*, 207 Conn. 456, 460, 542 A.2d 686 (1988).

As a sequel to his claim that the age disparity between him and the victim should be calculated in calendar years pursuant to § 1-1 (i), the defendant argues that, even if this court rejects that construction of § 53a-71 (a) (1), a person of common intelligence, especially a sixteen year old youth, might reasonably have concluded otherwise, at least prior to any judicial determination of the issue. The defendant does not claim that the statute is invalid on its face, but only that it is unconstitutionally vague as applied to him under the facts of this case. He concedes that judicial construction of the statute will remove the ambiguity claimed and clarify the conduct prohibited. He maintains that the lack of some judicial gloss providing fair notice prior to his encounter with the victim renders the statute inapplicable to him.

"That ignorance or mistake of law will not excuse an act in violation of the criminal laws is a principle so universally accepted as to be axiomatic." 21 Am. Jur. 2d 278, Criminal Law § 142 (1981). "A mistake of law . . . even if it is assumed to be honest, is not a valid defense." *State* v. *Tedesco*, 175 Conn. 279, 288, 397 A.2d 1352 (1978). In this state, that doctrine has been modified by General Statutes § 53a-6 (b),[8] but not in such a

---

[8] General Statutes § 53a-6 provides: "Effect of ignorance or mistake. (a) A person shall not be relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief of fact, unless: (1) Such factual mistake negates the mental state required for the commission of an offense; or (2) the statute defining the offense or a statute related thereto expressly provides that such factual mistake constitute a defense or exemption; or (3) such factual mistake is of a kind that supports a defense of justification.

manner as to exempt the defendant from criminal liability. The circumstance that he was only sixteen years old is similarly not helpful because our statutes follow the common law rule that imposes such liability on offenders who have attained the age of fourteen years at the time of their crimes. See 21 Am. Jur. 2d 158, Criminal Law § 38 (1981); see also General Statutes § 46b-127.

We agree with the defendant that, except for first amendment cases, an appropriate test of vagueness is whether the law as applied to the circumstances of the case creates doubt about the legality of the defendant's conduct. See *In re John C.*, 20 Conn. App. 694, 696, 569 A.2d 1154 (1990). In this case, however, even if calendar years are used in calculating the ages of the defendant and the victim, the defendant remains more than two years older than the victim. Even if we assume that the term calendar year means exclusively the period beginning January 1 and ending December 31 of any year, the first calendar year of the defendant's life began on January 1, 1979, approximately seven and one-half months after his birth on May 9, 1978, and ended on December 31, 1979. On the date of his encounter with the victim, September 21, 1994, according to the defendant's analysis, his age in calendar years would have been fifteen instead of sixteen.

"(b) A person shall not be relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief that it does not, as a matter of law, constitute an offense, unless (1) the law provides that the state of mind established by such mistaken belief constitutes a defense, or unless (2) such mistaken belief is founded upon an official statement of law contained in a statute or other enactment, an administrative order or grant of permission, a judicial decision of a state or federal court, or an interpretation of the statute or law relating to the offense, officially made or issued by a public servant, agency or body legally charged or empowered with the responsibility or privilege of administering, enforcing or interpreting such statute or law."

The defendant has never claimed that this statute provides him with any defense.

If the same methodology is used in calculating the victim's age, she would have been thirteen on that date instead of fourteen. Her first calendar year began on January 1, 1981, almost five months after her birth on August 16, 1980, and ended on December 31, 1981. On September 21, 1994, she would have completed only thirteen calendar years. The difference between her age and that of the defendant, however, would be two calendar years, three months and seven days, and he would still be more than two calendar years older.[9] The conclusion of the trial court that the defendant had violated § 53a-71 (a) would remain undisturbed unless the phrase "more than two years older" can be construed to mean "more than three years older." The defendant contends it should be so interpreted, but such a construction cannot be reconciled with the language of the statute.

We conclude that § 53a-71 (a) (1) is not unconstitutionally vague as applied to the defendant in this case.

## III

The defendant's final attack on the constitutionality of § 53a-71 (a) (1) is that "[t]here is no reason that consensual sexual activity between a fourteen [year old] and [a] sixteen year old should be treated differently than the same activity between a fourteen year old and one who is sixteen years and three months." He claims that the statute "discriminates on the basis of age, i.e., within the class of sixteen year olds, and affects his fundamental right to privacy." On those grounds, he claims a violation of the equal protection

---

[9] The defendant's argument is not entirely clear but his contention apparently is that the provision "more than two years older" in § 53a-71 (a) (1) is not satisfied unless the age difference is greater than three years, ignoring the three months and seven days of the difference between the ages of the victim and the defendant. Thus, he contends in his brief that § 53a-71 (a) (1) "does not apply to persons who are less than three years older than the minor victim."

clause of the fourteenth amendment under which the "strict scrutiny test" must be applied to determine whether the statute is justified by a "compelling state interest." He also claims that the different treatment under the statute accorded to sixteen year olds whose sexual partners are less than two years younger and those whose sexual partners are slightly more than two years younger does not survive the alternative "rational basis" test of validity under the equal protection clause.

The defendant misreads the statute in claiming that it subjects sixteen year olds as a class to discriminatory treatment. Section 53a-71 (a) (1) simply makes it a crime for any person to have sexual intercourse with a youth within the thirteen to fifteen years age bracket when the difference between their ages exceeds two years. There is no maximum age for the older person who engages in such an activity. All persons who have sexual relations with youths of thirteen to fifteen years and who are more than two years older than those youths are subject to criminal liability. Since persons of sixteen years have not been singled out by the statute for adverse treatment, they do not constitute a class, let alone a suspect class. See, e.g., *State* v. *McDougal*, 241 Conn. 502, 514, 699 A.2d 872 (1997).

With respect to the defendant's claim that he has a fundamental right to have sexual relations with consenting partners, § 53a-71 (a) (1) impinges on that right only by precluding such activities with those within the thirteen to fifteen years bracket who are more than two years younger. That restriction is amply justified, however, by a compelling state interest and serves to moderate the severity of our former statutory rape statute, which contained no such exemption for persons having intercourse with anyone under the age of consent. There are many considerations that support the conclusion that the state has a compelling interest in restricting teenage sexual activity, some of which were

mentioned by the legislators who approved the statute. The prevention of pregnancy, reduction of sexually transmitted diseases, and limitation of the opportunity of more sexually experienced persons to take advantage of those substantially younger are concerns of significant importance to society.

As for the argument that there is no rational basis for criminalizing consensual intercourse between youths falling minimally outside the two year age difference permitted by the statute, as in this case when the defendant is only three months and seven days beyond the age difference tolerated by § 53a-71 (a) (1), the same claim can be raised against any statute that draws a precise line based on age. We are not aware of any authority that has invalidated a statute simply because it makes no allowance for persons who exceed the statutory limit by only a few months.

We conclude that § 53a-71 (a) (1) does not violate the defendant's constitutional right to equal protection of the laws.

## IV

The defendant's claim that the evidence was insufficient to support the finding of the trial court that he had violated § 53-21, which makes it a crime to injure or risk injury to or impair the morals of children under sixteen years of age, does not question the sufficiency of the evidence concerning any of the operative facts recited by the trial court in its memorandum of decision. This claim involves (1) the sufficiency of the third count of the information charging the defendant with the risk of injury offense and (2) the applicability of the risk of injury statute to the circumstances of this case in which the trial court found that the state had not proved compulsion beyond a reasonable doubt.

## A

The third count of the information, accusing the defendant of being a youthful offender by violating § 53-21, alleged that he had "wilfully and unlawfully caused a child under the age of sixteen (16) years, namely [the victim], age 14, to be placed in a situation where her morals were likely to be impaired and did an act or acts likely to impair the morals of said child, namely, *transporting her into an isolated area where he compelled her to engage in sexual intercourse and by engaging in sexual intercourse with her* . . . ." (Emphasis added.) We agree with the state that the use of the conjunction "and" rather than "or" was appropriate for the purpose of alleging alternate ways of committing the same crime. *State* v. *Chapman*, 229 Conn. 529, 543, 643 A.2d 1213 (1994). The defendant claims, however, that the failure of the state to allege in the third count the difference in age between him and the victim deprived him of fair notice that he could be found guilty of risk of injury on the basis of that age difference. The second count of the information, charging sexual assault in the second degree in violation of § 53a-71 (a) (1), did set forth the dates of birth of the victim and the defendant and alleged further that he was more than two years older than she. The third count made no reference to the allegations of the second count as permitted by Practice Book § 618.[10]

Our risk of injury statute, § 53-21, however, applies to "[a]ny person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation [that] . . . the morals [of

___

[10] Practice Book § 618 provides in relevant part: "The information shall be a plain, concise and definite written statement of the offense charged. . . . Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed the offense by one or more specified means. . . ."

such child are] likely to be impaired, or does any act likely to impair the . . . morals of any such child . . . ." Although the age of a victim must be less than sixteen, the statute establishes no age requirement for the actor, who may be "[a]ny person." It was not essential, therefore, for the third count to specify the difference in the ages of the victim and the defendant. The defendant could not reasonably have read the information to charge him only with compelling the victim to engage in sexual intercourse because it also alleges that he committed the offense "by engaging in sexual intercourse with her."

### B

The defendant claims that § 53-21 does not apply to his conduct with the victim because § 53a-71 (a) (1) allows children "thirteen years of age or older but under sixteen years of age" to engage lawfully in consensual sexual intercourse with any person not more than two years older. He relies on *State* v. *Perruccio*, 192 Conn. 154, 471 A.2d 632, appeal dismissed, 469 U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984), in which the court held that it would be unconstitutional to apply § 53-21 to a teacher who was found to have had sexual intercourse, which may have been consensual, with a fifteen year old student at a time when other provisions of the penal code indicated that a person of that age could lawfully consent to that activity. "[F]aced with the anomalous situation of a fifteen year old who may consent and willingly participate in sexual activity and still initiate the prosecution of her 'partner' under § 53-21," the court determined that, if there was consent, that statute was inapplicable because the teacher would not have been provided with fair warning that his conduct was prohibited. Id., 164–65.

The defendant's reliance on *Perruccio* is misplaced, however, because in this case there is no conflict

between the statutes with respect to the age of consent. Both §§ 53-21 and 53a-71 (a) (1) apply to the protected class of children under sixteen years. Within that class the latter statute creates an exemption when the actor is not more than two years older than the person with whom sexual intercourse occurred. The defendant clearly does not qualify for that exemption because he is more than two years older than the victim. *Perruccio* would preclude the prosecution for a violation of § 53-21 of one who does qualify for the exemption if the prosecution is based solely on consensual intercourse.

The defendant argues that the victim's morals were no more likely to be impaired, as alleged in the third count, by engaging consensually in sexual intercourse with him than by similar conduct with a younger person who was exempted under the statute. That argument overlooks the legislative history of the exemption provision for participants in sexual intercourse when the difference in their ages does not exceed two years. As mentioned previously, some legislators were concerned about giving young persons a criminal record and expressed a preference for referring those within the two year exemption to the department of children and families. No legislator contended that a person qualifying for the exemption would be less likely to impair the morals of a child. The resulting impairment of morals may well be the same whether the actor is more or less than two years older than the underage sexual partner. The legislature, nevertheless, might reasonably have concluded that the exemption was an appropriate response "to the problem of the imposition of liability on a person of contemporary age and experience." A.L.I., Model Penal Code and Commentaries, supra, § 213.3 (1). The exemption was a recognition of the reality of teenage sexual relations in modern society and an attempt to ameliorate some of the consequences without removing entirely the legal barrier to sexual

relations with those under the age of consent. In no way does it affect the prosecution for impairment of the morals of a child under sixteen years of age pursuant to § 53-21 of one who has engaged in sexual intercourse with an underage teenager more than two years younger.

V

The defendant's claim that § 53-21 is unconstitutionally vague is grounded on the same requirement of our federal constitution discussed in part II in relation to the defendant's claim that § 53a-71 (a) (1) is unconstitutionally vague. A penal statute must define the crime involved "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender* v. *Lawson*, supra, 461 U.S. 357.

The defendant claims that, because § 53a-71 (a) (1) legalizes sexual intercourse between the victim and anyone not more than two years older, the application of § 53-21 to such conduct would be unconstitutional. Although that issue is not before us, we agree that such a consequence would be consistent with *Perruccio*. The defendant, however, gains nothing by that argument because he does not qualify for the exemption in § 53a-71 (a) (1) as he is more than two years older than the victim. The vagueness that may render § 53-21 inapplicable to those exempted by § 53a-71 (a) (1) does not impair its applicability to the defendant.

On the date of the offense, there existed a significant judicial gloss with respect to § 53-21, of which the defendant must be presumed to have been aware, to the effect that the act of having sexual intercourse with a child under sixteen years of age was a violation of the statute, regardless of whether there was consent by the child. See *State* v. *Plude*, 30 Conn. App. 527, 535, 621

A.2d 1342, cert. denied, 225 Conn. 923, 625 A.2d 824 (1993); *State* v. *Tirado,* 21 Conn. App. 449, 457–58, 574 A.2d 252 (1990); *In re John C.,* supra, 20 Conn. App. 697–99. The phrase "does any act likely to impair the . . . morals of any such child" includes deliberately touching the intimate parts of a child. See *State* v. *Schriver,* supra, 207 Conn. 463; see generally General Statutes § 53a-65 (8). A fortiori, it would include "sexual intercourse," which § 53a-65 defines as including fellatio. See, e.g., *State* v. *Anderson,* 152 Conn. 196, 197, 205 A.2d 488 (1964). We conclude that at the time of the offense the defendant did have fair notice of the criminality of his conduct from the terms of the statute and from judicial opinions interpreting its terms. In relation to his conduct with the victim, therefore, § 53-21 was not void for vagueness.

The judgment is affirmed.

In this opinion the other judges concurred.