[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The state seeks to offer evidence of uncharged misconduct which conduct is set forth in a notice dated May 27, 1999. The conduct asserted is alleged to have begun in 1989 and continued, off and on, through 1996. The events which give rise to this prosecution are alleged to have occurred in September of 1995.
The defendant has filed a motion in limine seeking to preclude the state from introducing such evidence. Essentially, the defendant argues that the acts of uncharged misconduct are so vastly different from that which is charged in this case that such evidence should not be permitted under existing case law.
In State v. Kulmac, 230 Conn. 43 (1994) the Supreme Court developed a two part test to determine the admissibility of such evidence. First, the evidence must be relevant to one of then exceptions to the rule that evidence of prior misconduct is inadmissible, and second, its probative value must outweigh its prejudicial effect.
The state is offering evidence for purpose of establishing a continuing course of sexual conduct between the defendant and the victim. In the court's view, the defendant's argument regarding the dissimilarity of the conduct alleged is negated by the fact that the acts alleged are with the same victim and are all sexual CT Page 6945 in nature. Such evidence is admissible to show a pattern of criminal activity provided the court determines that the probative value of such evidence outweighs its prejudicial effect, and the court gives an appropriate limiting instruction.State v. Tirado, 21 Conn. App. 449, 452 (1990).
In this case, evidence of prior sexual contact with the same victim under the circumstances alleged is highly probative of the defendant's continuing course of sexual conduct with the victim and the probative value of such evidence outweighs its prejudicial effect. Obviously, the court will be required to give an appropriate limiting instruction to the jury.
The defendant's motion in limine is therefore denied.
Thompson, J.