## STATE OF CONNECTICUT *v.* JASON B.*
### (SC 15841)

Callahan, C. J., and Borden, Katz, McDonald and Peters, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued November 6, 1998—officially released May 4, 1999

*Jon L. Schoenhorn,* for the appellant (defendant).

*Carolyn K. Longstreth,* senior assistant state's attorney, with whom were *Herbert Carlson,* assistant state's attorney, and, on the brief, *James E. Thomas,* state's attorney, for the appellee (state).

BORDEN, J. The principal issue in this certified appeal is whether the defendant was "more than two years older" than the victim within the meaning of General Statutes § 53a-71 (a) (1).[1] The defendant, Jason B., appeals from the judgment of the Appellate Court affirming the trial court's judgment adjudicating him to be a youthful offender in violation of General Statutes (Rev. to 1993) § 54-76b.[2] The defendant claims that: (1) at the time of the incident, he was not more than two years older than the victim within the meaning of § 53a-71 (a) (1); (2) § 53a-71 (a) (1) is unconstitutionally vague

[1] General Statutes § 53a-71 provides in relevant part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person; or (2) such other person is mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual intercourse; or (3) such other person is physically helpless; or (4) such other person is less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare; or (5) such other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person; or (6) the actor is a psychotherapist and such other person is (A) a patient of the actor and the sexual intercourse occurs during the psychotherapy session, (B) a patient or former patient of the actor and such patient or former patient is emotionally dependent upon the actor, or (C) a patient or former patient of the actor and the sexual intercourse occurs by means of therapeutic deception; or (7) the actor accomplishes the sexual intercourse by means of false representation that the sexual intercourse is for a bona fide medical purpose by a health care professional; or (8) the actor is a school employee and such other person is a student enrolled in a school in which the actor works or a school under the jurisdiction of the local or regional board of education which employs the actor. . . ."

[2] General Statutes (Rev. to 1993) § 54-76b provides in relevant part: "For the purpose of sections 54-76b to 54-76n, inclusive, 'youth' means a minor who has reached the age of sixteen years but has not reached the age of eighteen years; and 'youthful offender' means a youth who is charged with the commission of a crime which is not a violation of section 53a-70a or a class A felony, who has not previously been convicted of a felony or been previously adjudged a youthful offender, or been afforded a pretrial program

and violates his right to equal protection as applied to the facts of this case; (3) the state did not adequately charge him with a violation of General Statutes (Rev. to 1993) § 53-21;[3] and (4) § 53-21 is unconstitutionally vague as applied to the facts of this case. We affirm the judgment of the Appellate Court.

The Appellate Court's opinion states the following facts that the jury reasonably could have found. "Both the victim and the defendant were students at Enfield High School. The victim was the manager of the school football team, and the defendant was a player on the team.

"On September 21, 1994, the victim attended football practice and performed her usual duties. The defendant also attended practice, but did not participate because of an injury. At the end of practice, the defendant offered the victim a ride to her home, and she accepted. The defendant also agreed to drive another player on the football team to his home.

"The defendant drove toward the home of the other player, who occupied a rear seat of the car, and the victim sat in the front passenger seat. During the ride, the defendant and the other player made some remarks about the victim's breasts. The defendant also said he intended to have the victim perform oral sex on him.

for accelerated rehabilitation under section 54-56e, and who is adjudged a youthful offender pursuant to the provisions of said sections. . . ."

[3] General Statutes (Rev. to 1993) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

The statute was amended in 1995, but the amendments are not relevant to this appeal. Hereafter, all references to § 53-21 in this opinion are to the 1993 revision, the statute in effect at the time the crime was committed.

"After leaving the other player at his home, the defendant drove around for a short while and finally entered a cemetery driveway. He drove to the rear of the cemetery and parked the car. He and the victim kissed for a while, and then he unzipped his pants. At trial the victim testified that the defendant forced her to perform fellatio, but the trial court concluded that the state failed to sustain its burden of proving beyond a reasonable doubt the element of compulsion.

"On the date of the incident, September 21, 1994, the victim was fourteen years old, her birthday being August 16, 1980. The defendant was sixteen years of age, his birthday being May 9, 1978. The difference between their birthdays is two years, three months and seven days." *State* v. *Jason B.*, 47 Conn. App. 68, 70–71, 702 A.2d 895 (1997). The defendant was charged in an original information with sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1);[4] sexual assault in the second degree in violation of § 53a-71 (a) (1); see footnote 1 of this opinion; and risk of injury to a child in violation of § 53-21. See footnote 3 of this opinion. The defendant was granted youthful offender status pursuant to General Statutes § 54-76d,[5]

---

[4] General Statutes § 53a-70 provides in relevant part: "(a) A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person, or (3) commits sexual assault in the second degree as provided in section 53a-71 and in the commission of such offense is aided by two or more other persons actually present. . . ."

[5] General Statutes § 54-76d provides: "(a) If the court grants such motion or if the court on its own motion determines that the defendant should be investigated hereunder and the defendant consents to physical and mental examinations, if deemed necessary, and to investigation and questioning, and to a trial without a jury, should a trial be had, the information or complaint shall be held in abeyance and no further action shall be taken in

and a youthful offender information was filed charging him with the same three offenses. Following a trial to the court, the court found that the state had failed to meet its burden of proof on the element of compulsion or force, and acquitted the defendant of sexual assault in the first degree. The court found the defendant guilty of sexual assault in the second degree in violation of § 53a-71 (a) (1), and risk of injury to a child in violation of § 53-21, and adjudged the defendant to be a youthful offender.

The defendant appealed from the judgment of the trial court to the Appellate Court, which affirmed the trial court's judgment. *State* v. *Jason B.*, supra, 47 Conn. App. 70. This certified appeal followed.[6]

connection with such information or complaint until such examinations, investigation and questioning are had of the defendant. Investigations under sections 54-76b to 54-76n, inclusive, shall be made by an adult probation officer. When the information or complaint charges commission of a felony, the adult probation officer shall include in the investigation a summary of any unerased juvenile record of adjudications of the defendant.

"(b) Upon the termination of such examinations, investigation and questioning, the court, in its discretion based on the severity of the crime, which shall also take into consideration whether or not the defendant took advantage of the victim because of the victim's advanced age or physical incapacity, and the results of the examinations, investigation and questioning, shall determine whether such defendant is eligible to be adjudged a youthful offender. If the court determines that the defendant is eligible to be so adjudged, no further action shall be taken on the information or complaint and the defendant shall be required to enter a plea of 'guilty' or 'not guilty' to the charge of being a youthful offender. If the court determines the defendant ineligible to be so adjudged, it shall order the information or complaint to be unsealed and the defendant shall be prosecuted as though the proceeding hereunder had not been had."

[6] We granted the defendant's petition for certification to appeal, limited to the following questions: "1. Did the Appellate Court properly conclude that the defendant was 'more than two years older' than the complainant within the meaning of General Statutes § 53a-71 (a) (1) where the defendant on the date of the incident was sixteen years old and the complainant was fourteen years old?

"2. Did the Appellate Court properly conclude that the meaning of the term 'year' in General Statutes § 53a-71 (a) (1) was not unconstitutionally vague and/or violative of the equal protection clause of the United States

I

The defendant first claims that he was not "more than two years older" than the victim as is required for a conviction under § 53a-71 (a) (1). Section 53a-71 (a) provides in pertinent part that "[a] person is guilty of sexual assault in the second degree when such person engages in sexual intercourse[7] with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age *and the actor is more than two years older than such person* . . . ."[8] (Emphasis added.) Relying on what he terms "common parlance" and on General Statutes § 1-1 (i), which provides that the "word 'month' shall mean a calendar month, and the word 'year' a calendar year, unless otherwise expressed," the defendant argues that, for the purposes of construing § 53a-71 (a) (1), "a [sixteen year old] is always within two years of age of a [fourteen year old] . . . ." Therefore, he contends, he did not

constitution as applied to the facts of this case?

"3. Did the Appellate Court properly conclude that the state adequately charged the defendant with a violation of General Statutes (Rev. to 1993) § 53-21 (Risk of Injury) under the facts of this case, where a minor may lawfully engage in sexual intercourse in certain circumstances?

"4. Assuming the state properly charged the defendant with a violation of General Statutes (Rev. to 1993) § 53-21, did the Appellate Court properly conclude that it was not unconstitutionally vague as applied to the facts of this case?" *State* v. *Jason B.*, 243 Conn. 955, 955–56, 704 A.2d 806 (1997).

[7] General Statutes § 53a-65 (2) defines "sexual intercourse" as including fellatio.

[8] Public Acts 1993, No. 93-340, § 2, amended § 53a-71 (a) (1) to exempt from guilt those persons who are not "more than two years older" than the complainant. Prior to that amendment, General Statutes (Rev. to 1993) § 53a-71 provided in pertinent part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . ." As a result of the amendment, § 53a-71 now provides in relevant part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) *Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person* . . . ." (Emphasis added.)

violate the statute because he "was less than two *calendar* years older [than the victim]." (Emphasis in original.) We disagree.

"The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *United Illuminating Co.* v. *New Haven*, 240 Conn. 422, 431, 692 A.2d 742 (1997). Moreover, "[p]enal statutes must be strictly construed . . . but such construction must accord with common sense and commonly approved usage of the language." (Citations omitted.) *State* v. *Edwards*, 201 Conn. 125, 132, 513 A.2d 669 (1986); see also General Statutes § 1-1 (a) (in interpreting statutes words and phrases are "construed according to the commonly approved usage of the language").

We start with the language of the statute, which must be read contextually. Section 53a-71 (a) (1) criminalizes the conduct of an actor who "engages in sexual intercourse with another person . . . [who] is thirteen years of age or older but under sixteen years of age [when] the actor is more than two years older than the [victim] . . . ." Determination of illegality under this statute, therefore, requires a comparison of the relative ages of the parties.

Although in other comparative contexts, for example, a comparison of the increase in population growth

between two cities, the use of a calendar year may be appropriate, common sense dictates that in comparing the relative ages of individuals, the difference in their ages is determined by reference to their respective birth dates. In other words, although a person, when asked his age, often will respond with a whole number, for example, "I am forty years old," without specifying how many months have passed since his most recent birthday, it is understood that his exact age actually consists of this abbreviated whole number plus the number of months and days that have passed since the date of his last birthday. This linguistic tendency is best illustrated by the response that ordinarily would be given by one who is asked, not simply how old she is, but how much older she is than someone else. For example, if a woman who was born on January 7, 1950, was asked how much older she is than her husband, who was born on December 7, 1950, in all likelihood she would respond that she is "nearly one year older," or perhaps, "eleven months older," than her husband. She hardly would respond, as the defendant's argument suggests, that neither is "older" than the other simply because they were both born in the same calendar year. Indeed, even twins know how to respond when asked which of them is "older" than the other; they ordinarily will respond based on their birth order, even though when asked their age they ordinarily will respond with the same whole number of years.

Section 53a-71 (a) (1) requires a similar comparison between the ages of the parties involved, and contemplates that in determining whether the actor was "more than two years older" than the complainant, the parties' birth dates will be used to calculate the differences in their ages.[9] Application of this basic, commonsense

---

[9] This interpretation of § 53a-71 (a) (1) is consistent with the manner in which other statutes requiring a determination of age are construed. For example, General Statutes § 30-86, which governs the sale of alcohol to minors, provides in pertinent part: "Any permittee who, by himself, his

principle leads to the conclusion that the defendant, who was born in May, 1978, was "more than two years older" than the victim, who was born in August, 1980.

The legislative history supports this commonsense interpretation of determining who is "more than two years older" than another for the purposes of criminal liability under § 53a-71. As we have indicated, prior to the amendments to General Statutes (Rev. to 1993) § 53a-71 (a) (1) by No. 93-340, § 2, of the 1993 Public Acts, the age difference between the offender and the victim was irrelevant to the determination of liability under the statute. See footnote 8 of this opinion. The legislative history of Public Act 93-340 indicates that the purpose of exempting from liability those actors

servant or agent, sells or delivers alcoholic liquor to any minor . . . shall be subject to the penalties of section 30-113. Any person who delivers or gives any such liquors to such minor, except on the order of a practicing physician, shall be fined not more than one thousand five hundred dollars or imprisoned not more than eighteen months, or both. . . ." General Statutes § 30-1 (12) defines "minor" as "any person under twenty-one years of age." General Statutes § 30-89 provides in relevant part: "(a) Any person to whom the sale of alcoholic liquor is by law forbidden who purchases or attempts to purchase such liquor . . . shall be fined not less than two hundred nor more than five hundred dollars. . . ." Together, these statutory mandates prohibit the sale of alcohol to persons in Connecticut who have not celebrated their twenty-first birthday, and make it illegal for a person to attempt to purchase alcohol prior to his or her twenty-first birthday. The calculation of age for the purposes of determining eligibility to purchase alcohol, as all tavern owners and most twenty year olds understand, certainly is not measured according to a calendar year. Rather, a person born in January will reach the legal age of consumption prior to a person born in March of the same year, regardless of the fact that they both may have been born during the same calendar year. This makes sense because, similar to § 53a-71 (a) (1), the provision at issue is dependent upon the person's age, and age ordinarily is determined according to a person's date of birth. This principle is evidenced further by the fact that, prior to the changes included in Public Acts 1993, No. 93-139, § 1, "minor" was defined, for the purposes of the Liquor Control Act, as "any person under twenty-one years of age other than a person who has attained the age of twenty on or before September 1, 1985." General Statutes (Rev. to 1993) § 30-1 (20). This reference to the person's birth date would be unnecessary if age was determined according to the calendar year.

who are not more than two years older than their consenting sexual partners who are more than thirteen, but less than sixteen years old, was to reduce the harsh consequences of the criminal law as applied to consenting, sexually active adolescents who were close in age. Explaining the proposed amendments, Representative Richard D. Tulisano stated: "It . . . modifies the language of the strictness of our law when the sexual activity is between people within two years age of each other . . . ." 36 H.R. Proc., Pt. 29, 1993 Sess., p. 10,450. Similarly, Representative Moira K. Lyons explained: "[W]e deal with one class of sexual activity which is removed from the statutory rape sanctions in our current statutes and that is where children between the ages of 13 and 18 engage in sexual intercourse and they are within two years of each other in age." Id., p. 10,457. Furthermore, in responding to an inquiry by Senator William A. Aniskovich as to whether the bill "in effect decriminalizes what is now statutory rape so long as both parties are under . . . the statutory rape age . . . under current law"; 36 S. Proc., Pt. 13, 1993 Sess., p. 4587; Senator George C. Jepsen replied "[t]hat's pretty close to it with an additional restriction that the two individuals involved be within two years of one another in age. For example, if you have someone who is just short of 18 having sex with someone who is 13 and a month, that would continue to be a crime." Id., p. 4588. Although the hypothetical posed by Senator Jepsen involved parties with an age difference greater than two years, it would have been unnecessary to mention that the younger person was thirteen and one month if, under § 53a-71 (a) (1), the calculation of the differences in age was intended to be measured according to calendar years.

The general purpose of § 53a-71 (a) (1) is to protect victims who are thirteen, fourteen or fifteen years of age, and thus may not have the full measure of maturity

to make an intelligent choice regarding sexual intercourse, from being taken advantage of by someone who, because he or she is significantly older, may be able to persuade the victim to engage in physically consensual sexual intercourse. Interpreting "more than two years older than" the victim by comparing actual birth dates is consistent with that purpose. Looking solely at the calendar years in which the defendant and victim were born, as the defendant contends, would be inconsistent with that purpose.

The defendant's attempt to import the statutory definition of "year" in § 1-1 (i) as a "calendar year" into the context of § 53a-71 (a) (1), would torture the meaning of "more than two years older" in § 53a-71 (a) (1), and would lead to bizarre and absurd results. Under the defendant's proposed interpretation, the sole determinant of the legality of the intercourse would be the *calendar years* of the victim's and the defendant's births. In other words, for the purposes of determining the legality of an incident that took place at some point in 1994, persons born *on any* day during 1981 would be considered thirteen years of age, and persons born on *any day* during 1979 would be considered fifteen. Consequently, under this interpretation, only those "older" persons born *before* 1979, for example, in 1978, would be guilty of violating the statute as a result of having sexual intercourse in 1994 with a victim born in 1981. Furthermore, the defendant's proposed interpretation would mean that, with respect to an incident that occurred on September 1, 1994, a victim born on December 1, 1980, would *not* be protected from a defendant born on January 1, 1978,—thirty-five months earlier—but a victim born on January 1, 1980, *would* be protected from a defendant born on December 1, 1977—twenty-five months earlier. We do not read statutes to create such an anomaly.

Finally, we are not persuaded by the defendant's reliance on the rule of lenity. "As the United States Supreme Court has noted, [t]he touchstone of this rule of lenity is statutory ambiguity. . . . [W]e . . . [reserve] lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute. . . . *Moskal* v. *United States*, 498 U.S. 103, 108, 111 S. Ct. 461, 112 L. Ed. 2d 449 (1990)." (Citations omitted; internal quotation marks omitted.) *State* v. *Hinton*, 227 Conn. 301, 317–18, 630 A.2d 593 (1993). This is not such a situation.

## II

The defendant next claims that, even if he was two years older than the victim for the purposes of § 53a-71 (a) (1), the statute is unconstitutionally vague as applied to the facts of this case,[10] and violates the equal protection clause of the United States constitution. Relying on his contention that the meaning of "two years older" is ambiguous, and on the fact that there are no prior judicial opinions construing this specific phrase, the defendant argues that § 53a-71 (a) (1) does not provide the fair warning necessary to survive a void for vagueness challenge. The defendant also argues that the proper evaluation of a challenge to a statute based upon alleged vagueness requires an examination of the "particular circumstances" of the case, and that we must consider what "would be 'reasonable' to [the defendant] in his case." With regard to the equal protection clause, the defendant argues that § 53a-71 (a) (1) violates his right to equal protection under the law in that "it treats a single class of individuals, namely [sixteen year old] minors, differently with respect to their

[10] The defendant expressly "makes no facial challenge to the statute here, but instead asserts that, as a [sixteen year old] youth, the statute is unconstitutionally vague *as to him* under the facts of *this case*." (Emphasis in original.)

fundamental right to privacy." We conclude that § 53a-71 (a) (1) is not constitutionally vague as applied to the facts of this case, and does not violate the defendant's right to equal protection under the law.

"In our assessment of whether the statute passes constitutional muster, we proceed from the well recognized jurisprudential principle that [t]he party attacking a validly enacted statute . . . bears the heavy burden of proving its unconstitutionality beyond a reasonable doubt and we indulge in every presumption in favor of the statute's constitutionality. *State* v. *Ross*, 230 Conn. 183, 236, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995). The constitutional injunction that is commonly referred to as the void for vagueness doctrine embodies two central precepts: the right to fair warning of the effect of a governing statute or regulation and the guarantee against standardless law enforcement. *Smith* v. *Goguen*, 415 U.S. 566, 572–73, 94 S. Ct. 1242, 39 L. Ed. 2d 605 (1974); *Mitchell* v. *King*, 169 Conn. 140, 142–43, 363 A.2d 68 (1975). *State* v. *Schriver*, [207 Conn. 456, 459–60, 542 A.2d 686 (1988)]. Thus, [i]n order to surmount a vagueness challenge, a statute [must] afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited." (Internal quotation marks omitted.) *State* v. *Payne*, 240 Conn. 766, 777, 695 A.2d 525 (1997). Furthermore, "[i]f the meaning of a statute can be fairly ascertained a statute will not be void for vagueness since [m]any statutes will have some inherent vagueness, for [i]n most English words and phrases there lurk uncertainties. . . . References to judicial opinions involving the statute, the common law, legal dictionaries, or treatises may be necessary to ascertain a statute's meaning to determine if it gives fair warning." (Internal quotation marks omitted.) Id., 778.

Applying these principles to the facts of the present case, "our fundamental inquiry is whether a person of ordinary intelligence would comprehend that the defendant's acts were prohibited under [§ 53a-71 (a) (1)]." Id. We conclude that a person of ordinary intelligence would understand that a person born in May, 1978, was more than two years older than a person born in August, 1980.

The defendant's contention that our vagueness analysis should focus on the warning provided to the average sixteen year old lacks merit. First, the scope of the statute is not confined to defendants of teenage years. Second, vagueness analysis ordinarily does not depend on the individual or categorical capabilities of the defendant. It focuses on the warning that is afforded by the language and its gloss to persons of ordinary intelligence. Although the knowledge possessed by a particular defendant may *undermine* a vagueness challenge; see *State* v. *DeFrancesco*, 235 Conn. 426, 446, 668 A.2d 348 (1995) (defendant's specific knowledge of dangerous propensities of her felidae contributed to defeat of vagueness challenge); the converse is not true. Lack of knowledge, either by the individual defendant or a person in his particular age category, does not enhance a vagueness challenge.

The defendant also maintains that "§ 53a-71 (a) (1) violates [his] right to equal protection under the state[11] and federal constitutions in that it treats a single class of individuals, namely [sixteen year old] minors, differently with respect to their fundamental right to privacy. Absent a compelling state interest in such a discriminatory classification, the statute violates the defendant's (and other similarly situated sixteen year olds') right

[11] The issue certified for appeal addresses the constitutionality of § 53a-71 (a) (1) under the United States constitution. See footnote 6 of this opinion. We therefore disregard the reference to the state constitution.

to equal protection of the law." In support of his right to assert, as a minor, a fundamental right to engage in consensual sexual relations, the defendant relies on United States Supreme Court precedent in which the right to privacy has been developed, and on his specific claim that "the constitutional jurisprudence that establishes the right of minors to privacy [has granted] them the right to choose abortions . . . ." According to the defendant, it follows that a fundamental right to privacy with regard "to the activity that necessitated that medical procedure in the first place" should also be recognized. We disagree.[12]

"In order to analyze the [defendant's claim], we first must detail the principles applicable to equal protection analysis. *State* v. *Morales*, [240 Conn. 727, 738, 694 A.2d 758 (1997)]. First, in general, as in any constitutional challenge to the validity of a statutory scheme, the statut[ory scheme] is presumed constitutional . . . and [t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it . . . . *Heller* v. *Doe*, 509 U.S. 312, 320, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993).

"More specifically, [t]o implicate the equal protection [clause] under the . . . federal [constitution] . . . it is necessary that the state statute [or statutory scheme] in question, either on its face or in practice, treat persons standing in the same relation to it differently. . . . *State* v. *Morales*, supra, 240 Conn. 738–39. Thus, the analytical predicate [of consideration of an equal protection claim] is a determination of who are the persons

---

[12] We note that, because § 53a-71 (a) (1) does not expressly mention or limit itself to governing the activities of sixteen year olds, the defendant's claim can be understood only as a claim of an equal protection violation as applied to him in these factual circumstances, and not on its face. See *State* v. *Angel C.*, 245 Conn. 93, 125, 715 A.2d 652 (1998) (" '[t]o implicate the equal protection clauses under the state and federal constitutions . . . it is necessary that the state statute in question, either on its face or in practice, treat persons standing in the same relation to it differently' ").

similarly situated. *Darak* v. *Darak*, 210 Conn. 462, 473, 556 A.2d 145 (1989).

"The equal protection clause does not require absolute equality or precisely equal advantages [between such similarly situated persons] . . . . *Ross* v. *Moffitt*, 417 U.S. 600, 612, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974); *Daily* v. *New Britain Machine Co.*, [200 Conn. 562, 577–78, 512 A.2d 893 (1986)]. . . . To determine whether a particular classification violates the guarantees of equal protection, the court must consider the character of the classification; the individual interests affected by the classification; and the governmental interests asserted in support of the classification. *Dunn* v. *Blumstein*, 405 U.S. 330, 335, 92 S. Ct. 995, 31 L. Ed. 2d 274 (1972). . . . *Franklin* v. *Berger*, 211 Conn. 591, 595, 560 A.2d 444 (1989). Where . . . the classification at issue neither impinges upon a fundamental right nor affects a suspect group[13] it will withstand constitutional attack if the distinction is founded on a rational basis. *Laden* v. *Warden*, [169 Conn. 540, 543, 363 A.2d 1063 (1975)]; see also *McGinnis* v. *Royster*, 410 U.S. 263, 270, 93 S. Ct. 1055, 35 L. Ed. 2d 282 (1972); *Dandridge* v. *Williams*, 397 U.S. 471, 485, 90 S. Ct. 1153, 25 L. Ed. 2d 491 (1970); *Franklin* v. *Berger*, [supra] 595. Rational basis review is satisfied so long as there is a plausible policy reason for the classification . . . . *Johnson* v. *Meehan*, [225 Conn. 528, 536, 626 A.2d 244 (1993)]. [I]t is irrelevant whether the conceivable basis for the challenged distinction actually motivated the legislature. *D.A. Pincus & Co.* v. *Meehan*, 235 Conn. 865, 877, 670 A.2d 1278 (1996)." (Internal quotation marks omitted.) *State* v. *Wright*, 246 Conn. 132, 138–40, 716 A.2d 870 (1998).

The "analytical predicate" of an equal protection claim is a "determination of who are the persons similarly situated." Id., 141. According to the defendant, the

---

[13] The defendant does not claim that sixteen year olds are a suspect group.

classes of persons similarly situated consist of: (1) those sixteen year olds who engage in sexual intercourse with persons two years or less their junior; and (2) those sixteen year olds who engage in sexual intercourse with persons more than two years their junior. These two groups, however, are not similarly situated for the purposes of equal protection analysis. They have engaged in different conduct: the first, having engaged in sexual intercourse with persons whom the legislature *has not* deemed to be sufficiently younger than the sixteen year old so as to warrant proscribing such conduct; the second, having engaged in sexual intercourse with persons whom the legislature *has* deemed to be sufficiently younger than the sixteen year old so as to warrant criminalizing such conduct. Cf. id., 142 (defendants who commit different crimes are not similarly situated for equal protection purposes).

Furthermore, with respect to the defendant's argument that there is no legally significant difference between a person who is sixteen and a person who is sixteen and three months, we agree with the Appellate Court that "the same claim can be raised against any statute that draws a precise line based on age. We are not aware of any authority that has invalidated a statute simply because it makes no allowance for persons who exceed the statutory limit by only a few months." *State* v. *Jason B.*, supra, 47 Conn. App. 81.

Thus, the defendant's argument "is ill-suited to the framework of equal protection analysis. In our view, as a matter of analytical categorization, it would have been brought more appropriately as a substantive due process claim. See *State* v. *Matos*, [240 Conn. 743, 749, 694 A.2d 775 (1997)] ('[t]he guarantee of substantive due process requires that a law be reasonable, rather than arbitrary or capricious, and that its operation has a real and substantial relation to the object to be obtained'

. . .) . . . ." (Citation omitted.) *State* v. *Wright*, supra, 246 Conn. 143.

This conclusion requires us to consider the defendant's claim that he has a fundamental right of privacy to engage in consensual sexual relations. If he is correct, we must apply strict scrutiny analysis to the defendant's claim; if he is incorrect, his claim must be accorded rational basis review. We conclude that rational basis review applies to the defendant's claim.

Initially, we note that the defendant challenges the constitutionality of the statute as applied to him; he does not make a facial claim. See footnote 10 of this opinion. It borders on the frivolous, however, to say that one has a right of privacy to engage in consensual sexual intercourse in a cemetery driveway during the late afternoon or early evening, as occurred in this case. Cf. General Statutes § 53a-186 (statutory provision criminalizing sexual conduct in public places).

Next, it is a dubious assertion at best that the constitution provides sixteen year olds the fundamental right to engage in consensual sexual relations. The defendant offers no authority for this proposition, and it cannot be drawn by analogy to those cases dealing with procreation or abortion. A pregnant minor female's right to have an abortion, under certain circumstances, is hardly analogous to the purported "right" of a sixteen year old to engage in sexual intercourse.[14]

---

[14] The dissimilarities between the right to have an abortion and the right to engage in sexual intercourse in a public place are obvious. We therefore need not address whether the defendant is accurate in his characterization of United States Supreme Court precedent, but do note that, in *Planned Parenthood of Missouri* v. *Danforth*, 428 U.S. 52, 75, 96 S. Ct. 2831, 49 L. Ed. 2d 788 (1976), cited by the defendant for the proposition that minors have been granted the right to have abortions, the court stated: "We emphasize that our holding . . . does not suggest that every minor, regardless of age or maturity, may give effective consent for termination of her pregnancy." Thus, to the extent that *Danforth* recognized certain minors' right to an abortion, the right is not absolute.

Furthermore, consensual sexual intercourse, by definition, requires at least two actors. Thus, the proper question in this case is not whether the sixteen year old defendant had a fundamental right to engage in consensual sexual intercourse. The proper question is whether he had a fundamental right to engage in such conduct with the fourteen year old victim. It exceeds the frivolous to suggest that the constitution provides such a right. The proper standard, therefore, is rational basis review.

"Rational basis review is satisfied so long as there is a plausible policy reason for the classification . . . . [I]t is irrelevant whether the conceivable basis for the challenged distinction actually motivated the legislature." (Citation omitted; internal quotation marks omitted.) *State* v. *Wright*, supra, 246 Conn. 139–40. The reasons cited by the Appellate Court, namely, the prevention of teenage pregnancy, and the limitation of the opportunity of the more sexually experienced adolescents to take advantage of those much younger; *State* v. *Jason B.*, supra, 47 Conn. App. 81; provide a rational basis for a legislative distinction based on whether a person is more or less than two years older than the younger party for the purposes of determining the legality of sexual intercourse under § 53a-71 (a) (1).

### III

The defendant next claims that the state failed to charge him adequately[15] and prove him guilty of violating § 53-21. See footnote 3 of this opinion. The defendant asserts that, as a result of Public Act 93-340; see

---

[15] In the third count of its information, the state accused the defendant of "having committed the crime of INJURY OR RISK OF INJURY TO A MINOR in violation of [General Statutes (Rev. to 1993)] § 53-21" and specifically alleged that "on or about September 21, 1994 . . . at or near the Enfield Street Cemetery . . . the [defendant] willfully and unlawfully caused a child under the age of sixteen (16) years, namely, [the victim] age 14, to be placed in a situation where her morals were likely to be impaired

footnote 8 of this opinion; "it is no longer enough simply to state that sexual intercourse with a person under [sixteen] conclusively establishes a situation likely to impair morals." According to the defendant, "the state was required to allege and prove more in count three than the mere fact that [the victim] was less than [sixteen] years old." Thus, the defendant contends, because the state failed: (1) to incorporate by reference any of the specific allegations of age contained in the first two counts of the complaint; (2) to meet its burden of proof on the elements of compulsion or force; and (3) to "allege physical injury or transmission of a disease or some other harm beyond the mere fact of intercourse"; the defendant was not "on notice that he was exposed to a conviction for risk of injury for engaging in consensual intercourse *solely* because of [the victim's] status as a minor, without regard to [the defendant's] age." (Emphasis in original.) Furthermore, the defendant claims that because "[t]he state never alleged in the third count that its theory of liability for risk of injury was based upon the fact that [the defendant] was 'more than two years older' than [the victim], nor did it seek, as the basis for criminal liability, to incorporate his birth date from the second count by reference . . . there was insufficient evidence to sustain the conviction . . . ." We are unpersuaded.

As an initial matter, the state argues that because the defendant did not challenge the validity of the information prior to the trial court's youthful offender adjudication, we must construe the information favorably to the state. We agree.[16]

and did act or acts likely to impair the morals of said child, namely, transporting her into an isolated area where he compelled her to engage in sexual intercourse and by engaging in sexual intercourse with her, all in violation of [General Statutes (Rev. to 1993) § 54-76b]."

[16] On April 19, 1995, the defendant challenged the information with regard to the charge under § 53a-71. The defendant's motion to dismiss the information was based on his claim that " 'more than two years older than such

In *State* v. *McMurray*, 217 Conn. 243, 250, 585 A.2d 677 (1991), we held that "[w]hen reviewing a claim, not raised prior to the verdict, that an information fails to charge all the essential elements of an offense, we must construe the information liberally in favor of the state." In the present case, although the defendant did challenge, prior to trial, the validity of the information with regard to the charge under § 53a-71 (a) (1); see footnote 16 of this opinion; he did not challenge, prior to trial, the validity of the information with regard to the charge under § 53-21.[17] Thus, a construction of the information in favor of the state is appropriate with respect to the charge under § 53-21. "Under the applicable standard of review, a conviction based upon a challenged information is valid unless the information is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." (Internal quotation marks omitted.) *State* v. *McMurray*, supra, 250.

The defendant claims, in effect, that when the legislature expressly amended General Statutes (Rev. to 1993) § 53a-71 (a) (1) in 1993 to include an exemption from criminal liability for those persons engaging in consensual sexual intercourse with persons not more than two years their junior, it also implicitly modified the activities proscribed by General Statutes (Rev. to 1993) § 53-21. Section 53-21, on its face, is concerned only

person' " under § 53a-71 (a) (1) should be construed to mean that an accused "must be at least three years older than the 'other person,' " to fall within the statute. Thus, the defendant alleged that "since the issue of age is an element of the offense, the Information is defective . . . . The arrest warrant references the alleged victim's age as being that of fourteen years. There is no reference to her date of birth. In addition, the age of the defendant is not even mentioned in the arrest warrant application." This motion to dismiss, however, did not address the state's allegations under § 53-21.

[17] Indeed, the record discloses that, with regard to the charge under § 53-21, the defendant did not challenge the information in the trial court at all, even after trial. He did not raise that claim until his appeal in the Appellate Court.

with the age of the victim, and criminalizes certain actions based upon the fact that the victim is under the age of sixteen. See footnote 3 of this opinion. The express language of § 53-21, therefore, does not require any consideration of the age of the defendant for the purposes of determining criminal liability. The defendant argues, however, that as a result of the 1993 amendments to General Statutes (Rev. to 1993) *§ 53a-71 (a) (1)*, in order to allege sufficiently and prove guilt under *§ 53-21*, the language of the statute notwithstanding,[18] the state must also allege and prove that the defendant was more than two years older than the victim.

We have characterized legislative actions as implicitly amending a statute only when the legislative history contains a very strong showing of the legislators' intent to do so. "When changes have been introduced by amendment to a statute, the presumed change does not go any further than that which is expressly declared or necessarily implied. . . . We cannot impute to the legislature . . . in the absence of an intent clearly expressed in the act, [an intent] to enact [a statute] which involves a departure from existing statutory law." (Citation omitted; internal quotation marks omitted.) *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 699–700, 699 A.2d 1003 (1997). There is no indication in the legislative history of Public Act 93-340 that in amending General Statutes (Rev. to 1993) § 53a-71, the legislature also intended to amend the scope or meaning of General Statutes (Rev. to 1993) § 53-21.

We therefore consider whether the information was "so obviously defective that by no reasonable construction [could] it be said to charge the offense for which conviction was had." (Internal quotation marks omitted.) *State* v. *McMurray*, supra, 217 Conn. 250. The third

---

[18] The defendant does not address the discrepancy between his interpretation and the plain language of § 53-21.

count of the information charged that, on the particular date and at the particular place in question, the defendant wilfully and unlawfully committed acts likely to impair the morals of the fourteen year old victim, namely, by engaging in sexual intercourse with her in violation of § 53-21. This information met the *McMurray* standard.[19]

## IV

Finally, the defendant argues that § 53-21 is unconstitutionally vague as applied to the facts of this case[20] because the statute "and its judicial gloss fail[ed] to provide the defendant with fair warning that his conduct was illegal."[21] More specifically, the defendant contends that "[a]lthough mistake as to the 'victim's' age is no defense . . . it is reasonable that a [sixteen year old] would believe that he did not impair a [fourteen year old] partner's morals under § 53-21 to engage in the sexual conduct at issue here." (Citation omitted.) Thus, the defendant maintains, in the absence of either plain language or an appropriate judicial gloss on the statute, "the defendant could not possibly have known that his conduct could lead to criminal liability under § 53-21."

The state argues that the Appellate Court properly concluded that "at the time of the offense the defendant

[19] By this limited conclusion, we do not suggest that the same information would not also meet a more exacting standard required by a timely challenge to it.

[20] The defendant expressly disclaims any facial vagueness claim.

[21] The defendant also attempts to revive, under this claim, variations on his earlier theme that § 53-21 *does not apply* to the facts of this case because: (1) in the absence of compulsion or some other harmful result, § 53-21 requires that the defendant be more than two years older than the victim; and (2) engaging in sexual intercourse with a victim not more than two years younger cannot constitute conduct "ipso facto likely to impair the morals of [the victim]." We already have rejected the first claim on its merits; see part III of this opinion; and neither claim is within the fourth certified question, which does not concern the applicability of the statute and focuses, instead, on the statute's purported vagueness as applied to the facts of this case. We therefore decline either to revisit the first claim or to address the second claim.

did have fair notice of the criminality of his conduct from the terms of the statute and from judicial opinions interpreting its terms," and that, therefore, § 53-21 is not void for vagueness as applied to the facts of this case. *State* v. *Jason B.*, supra, 47 Conn. App. 86. We agree with the Appellate Court and the state.

We reiterate that, "[i]f the meaning of a statute can be fairly ascertained a statute will not be void for vagueness since [m]any statutes will have some inherent vagueness, for [i]n most English words and phrases there lurk uncertainties." (Internal quotation marks omitted.) *State* v. *Payne*, supra, 240 Conn. 778. Moreover, when considering a "void for vagueness claim . . . our fundamental inquiry is whether a person of ordinary intelligence would comprehend that the defendant's acts were prohibited . . . ." Id. As we concluded in part II of this opinion, although a particular defendant's special knowledge may undermine his or her vagueness challenge, a particular individual or categorical defendant's lack of knowledge may not be used to enhance such a challenge. Thus, the defendant's reliance on what a sixteen year old actor would or would not believe is unavailing.

It is well settled that § 53-21 "proscrib[es] two general types of behavior likely to injure physically or impair the morals of a minor under sixteen years of age: (1) deliberate indifference to, acquiescence in, or the creation of situations inimical to the minor's moral or physical welfare and (2) acts directly perpetrated on the person of the minor and injurious to his moral or physical well-being." (Internal quotation marks omitted.) *State* v. *Perruccio*, 192 Conn. 154, 159, 471 A.2d 632, appeal dismissed, 469 U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984). We conclude that the defendant had notice that engaging in sexual intercourse with a fourteen year old victim constituted an act "directly perpetrated on the person of the minor and injurious to [her] moral or

physical well-being." (Internal quotation marks omitted.) Id.

As the Appellate Court noted, as a result of several Appellate Court decisions construing § 53-21, "there existed a significant judicial gloss with respect to § 53-21, of which the defendant must be presumed to have been aware, to the effect that the act of having sexual intercourse with a child under sixteen years of age was a violation of the statute, regardless of whether there was consent by the child." *State* v. *Jason B.*, supra, 47 Conn. App. 85; see, e.g., *State* v. *Plude*, 30 Conn. App. 527, 530, 621 A.2d 1342, cert. denied, 225 Conn. 923, 625 A.2d 824 (1993) (vaginal intercourse and fellatio); *In re John C.*, 20 Conn. App. 694, 695, 569 A.2d 1154 (1990) (defendant standing before victim with his hands on her head and his erect penis exposed); *State* v. *Thomas*, 19 Conn. App. 44, 46, 560 A.2d 486 (1989) (defendant put his hand under victim's underwear and fondled her vaginal area).

We are not persuaded, moreover, by the defendant's reliance on *Perruccio* for his vagueness challenge to § 53-21. The flaw in the statutory scheme considered in *State* v. *Perruccio*, supra, 192 Conn. 163, was that the age of consent of the victim under General Statutes (Rev. to 1979) § 53a-71 (a) (1) conflicted with the age of consent under General Statutes (Rev. to 1979) § 53-21 and, therefore, § 53-21 was vague as applied to the facts of that case.[22] In the present case, however, as the

---

[22] At the time the crimes in *Perruccio* occurred, General Statutes (Rev. to 1979) § 53a-71 (a) provided in pertinent part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under *fifteen years of age* . . . ." (Emphasis added.) General Statutes (Rev. to 1979) § 53-21, however, penalized "[a]ny person who wilfully or unlawfully causes or permits any child under the *age of sixteen years* to be placed in such a situation that its life or limb is endangered . . . ." (Emphasis added.) Although the legislature had made technical changes to § 53a-71, the statute remained substantively the same until 1985, when this conflict was remedied by Public Acts

Appellate Court properly concluded: "The defendant's reliance on *Perruccio* is misplaced . . . because in this case there is no conflict between the statutes with respect to the age of consent. Both §§ 53-21 and 53a-71 (a) (1) apply to the protected class of children under sixteen years. Within that class, the latter statute creates an exemption when the actor is not more than two years older than the person with whom sexual intercourse occurred. The defendant clearly does not qualify for that exemption because he is more than two years older than the victim." *State* v. *Jason B.*, supra, 47 Conn. App. 83–84.

For the same reasons articulated in part III of this opinion, we similarly are unpersuaded by the defendant's claim that the 1993 amendments to General Statutes (Rev. to 1993) § 53a-71 (a) (1) render the activities proscribed under § 53-21 vague. The defendant argues that, by enacting the 1993 amendments to General Statutes (Rev. to 1993) § 53a-71, the legislature categorically reduced the age of consent to sexual intercourse to thirteen, and thereby "in effect, deemed [fourteen year olds] capable of consenting to intercourse . . . ." As discussed previously, the 1993 amendments to General Statutes (Rev. to 1993) § 53a-71 (a) (1) did not amend General Statutes (Rev. to 1993) § 53-21. Rather, the legislative history suggests that the safe harbor exemption was added solely to ameliorate the harsh results of the criminal law as it was being applied to consenting, sexually active adolescents who were close in age. As the Appellate Court correctly pointed out, "[n]o legislator contended that a person qualifying for the exemption would be less likely to impair the morals of a child." *State* v. *Jason B.*, supra, 47 Conn. App. 84. Moreover, unlike the situation presented to this court in *State* v. *Perruccio*, supra, 192 Conn. 164, where the legislators'

1985, No. 85-341, which amended § 53a-71 (a) (1) to increase the applicable age from fifteen to sixteen years of age.

actions had "clearly indicated [a determination] that a person who had attained the age of fifteen was an adult capable of making an intelligent choice in matters relating to sex," there is absolutely no indication in the 1993 legislative history that the legislature deemed a person age fourteen categorically capable of consenting to engage in sexual intercourse, irrespective of the age of the partner. Indeed, the legislative history is to the contrary.

The judgment of the Appellate Court is affirmed.

In this opinion CALLAHAN, C. J., and KATZ and PETERS, Js., concurred.

MCDONALD, J., concurring in part and dissenting in part. I disagree with the majority's conclusion that the defendant is "more than two years older" than the victim in this case. Thus, I would reverse the defendant's conviction of sexual assault in the second degree under General Statutes § 53a-71 (a) (1). However, I agree with the majority that the defendant's conviction of risk of injury to a child under General Statutes (Rev. to 1993) § 53-21 must be upheld.

The legislature has liberalized this state's statutory rape law by exempting from prosecution those whose age is within two years of the age of the younger victim. In seeking to exempt older teenagers from criminal liability for sexual relations with children from thirteen up to sixteen years of age, the legislature exempted from liability teenagers who are not two years older than their partners. Whether it was wise or unwise to exempt from criminal liability sexual relations with a thirteen year old, that policy determination is made by the legislature as the representative of the people and not by this court. See *In re Baby Z.*, 247 Conn. 474, 533, 724 A.2d 1035 (1999) (*McDonald, J.*, concurring).

The defendant was sixteen years of age at the time of this incident and the victim was fourteen years of age. If one calculates the years, months, weeks and days between their respective birth dates, the defendant has lived more than two years than the victim has lived. If we were to consider the victim fourteen "years of age" for the entire year that she was fourteen and the defendant sixteen "years of age" for the entire year that he was sixteen, however, the defendant would not have been more than two years older than the victim at the time of the incident. It is true that there are more than two years between the defendant's birthday and the victim's birthday, but most people commonly refer to "years of age" as just that and do not compute months, weeks, days, hours, minutes and seconds in their age. In discussing the pertinent legislation, in fact, the legislators referred to the parties' age in terms of "years in age" or "years of age." Representative Richard D. Tulisano stated that the 1993 amendment to the statute "modifies the language of the strictness of our law when the sexual activity is between people within two years of age of each other . . . ." 36 H.R. Proc., Pt. 29, 1993 Sess., p. 10,450. Representative Moira K. Lyons stated that sexual activity in which "children between the ages of thirteen and eighteen engage in sexual intercourse and . . . are within two years of each other in age" is "removed from statutory rape sanctions." Id., p. 10,457. Senator George C. Jepsen also stated that the exemption applied if "the two individuals involved [are] within two years of one another in age." 36 S. Proc., Pt. 13, 1993 Sess., p. 4588.

Under the majority's reading of the exemption, it applies only to those whose birthdays are not more than two years apart chronologically; thus, the hour and perhaps minute or second of one's birth could result in criminal liability for teenage sex. If the victim and the defendant share the same birth date, two years

apart, but the defendant was born a few minutes or seconds earlier than the time at which the victim was born, the defendant would be liable under the majority's analysis. As this case illustrates, some sixteen year olds may be more than two years older than some fourteen year olds but some may not. I can not believe that the legislature intended such an impractical and unrealistic cutoff where the potential for severe criminal penalties is great. I believe that the legislature intended to create a criminal law that could be practically and sensibly applied and obeyed. Cf. *State* v. *Pickering*, 180 Conn. 54, 59–61, 428 A.2d 322 (1980).

I would reverse the defendant's conviction of sexual assault in the second degree.[1] I concur in parts III and IV of the majority opinion, however, and would uphold the defendant's conviction of risk of injury to a child.

---

[1] In doing so, I need not address part II of the majority opinion.