[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Vera Medina brings this action contending that a provision of the Watertown zoning regulations that prohibits her from displaying an "open" flag at her business is a violation of her constitutional right of free speech. She seeks a permanent injunction against the defendants, the town and its zoning enforcement officer, prohibiting the enforcement of this regulation. She also seeks an award of punitive damages and attorney's fees.
The material facts are not in dispute. The plaintiff operates a business known as "Vera's Consignments" at 135 Main Street in the Oakville section of Watertown. She sells household merchandise, costume jewelry and "knick-knacks". Most of her customers are "walk-ins". The plaintiff's store is located at a busy intersection (Main Street and Buckingham Street) where there is a high volume of motor vehicle traffic and a high number of motor vehicle accidents.
The plaintiff would like to display at her business a striped flag with the word "open" on it in order to attract customers. She would like to affix a flag pole near the door to her business so the flag would move with the wind. She has been advised, however, by the defendant zoning enforcement officer that Section 62.6.3 of the Watertown zoning regulations prohibits the display of "open" and all other commercial flags at all locations within the town. The plaintiff, who has five signs on her store, contends that the regulation violates her constitutional right to freedom of speech. The defendants contend that the regulation in question serves the public interest by prohibiting commercial flags and other displays that could distract the attention of motorists.
A party challenging the constitutionality of a statute bears a burden of proof higher than the standard burden of proof. The unconstitutionality of a statute must be proved beyond a reasonable doubt. State v. Jason B., 248 Conn. 543, 556 (1999). Every presumption in favor of constitutionality will be indulged. Id. This same high burden of proof applies to a constitutional challenge to a zoning regulation. Murphy, Inc. v. Westport,131 Conn. 292, 302-303 (1944).
Section 62.6.3 of the Watertown zoning regulations prohibits in all zoning districts "[attention-getting devices such as banners, pennants, valances, flags, streamers . . . or similar devices designed for purposes of attracting attention, promotion CT Page 10617 or advertising." Government flags and the flags of civic, charitable or similar organizations are permitted, however. Watertown zoning regulations, § 5.2 (153). Also permitted are a number of signs of various sizes; the plaintiff's store displays five signs on its front exterior.
Before 1975, commercial advertisements did not enjoy constitutional protection. Burns v. Barrett, 212 Conn. 176, 181
(1989). The constitution protects commercial speech from unwarranted governmental regulation. Central Hudson Gas v. PublicService Commission, 447 U.S. 557, 561 (1980). However, commercial speech is afforded less constitutional protection than other constitutionally protected expression. Id., 562. Speech relating to a commercial transaction is traditionally subject to government regulation. Id., 563.
The United States Supreme Court has developed a four-part test for determining whether commercial speech is constitutionally protected:
(1) the speech must concern lawful activity and not be misleading;
(2) a restriction on the speech must seek to implement a substantial government interest;
(3) the restriction must directly advance the governmental interest asserted; and
(4) the restriction must not be more extensive than necessary to serve that interest.
Id., 566. The parties concede that the "open" flag that the plaintiff wishes to display concerns lawful activity and is not misleading. The parties have also stipulated that public safety on the highway is a significant and legitimate governmental interest. See, also, Burns v. Barrett, supra. The court must analyze, therefore, whether the regulation satisfies the final two components of the four-part test.
The first disputed issue is whether the zoning regulation directly advances the governmental interest in public safety on the highway. The defendants contend that commercial flags pose a traffic hazard to drivers. They provided the testimony of Philip R. Deleppo, the Watertown town engineer and public works CT Page 10618 director, on this issue. As an expert in traffic engineering, he testified that prohibiting attention-getting devices such as flags promotes vehicular and pedestrian safety by prohibiting items that distract the attention of motorists. Deleppo testified that signs attract the attention of motorists and flags and banners, which are in effect moving signs, attract more attention than fixed signs. Flags attract more attention than fixed signs, he said, not just because of their movement, but also because flags are more difficult to read as they move in the breeze, thus causing a greater distraction to motorists than fixed signs, which can be scanned more quickly.
Deleppo testified that 15,000 vehicles travel the Main Street/Buckingham Street intersection near the plaintiff's store each day and that it is a high hazard intersection with a very high accident rate. The plaintiff herself stated that the intersection at which her store is located is similar to "the Indianapolis Raceway." Deleppo stated that an "open" flag at that location would increase the current' traffic hazard. Deleppo's testimony, which was unrebutted, was both sensible and credible. Although Deleppo did testify at one point that an American flag could cause the same type of distraction as a commercial flag, a review of his entire testimony shows that he believes that commercial flags pose a greater danger than government flags because drivers spend more time looking at a commercial flag as they try to read the message on the flag. Commercial flags therefore divert more attention and pose a greater threat to traffic safety.
The court finds that the Watertown regulation barring commercial flags and similar devices directly advances the town's interest in public safety on the highway by prohibiting those displays that cause the greatest distraction, e.g., flags, banners, etc. These devices cause the greatest distraction to motorists because they move and because they are not easily read.
The final issue to be addressed is whether the regulation is more extensive than necessary to serve the public interest. The plaintiff's claim in this regard is that the regulation is excessive because it prohibits flags in all locations in Watertown and because it regulates the content of flags. With respect to the claim concerning location, the court has found that the commercial flags and other devices barred by the regulation generally pose a greater danger to traffic safety on the highway. The flag proposed by the plaintiff would increase CT Page 10619 the traffic hazard at the already dangerous intersection of Main Street and Buckingham Street. The plaintiff presented no evidence that there are any locations within the town where commercial flags could be flown safely.
The plaintiff's claim that the regulation improperly regulates the content of flags is without merit. The regulation in question bars flags, banners, pennants, balloons "or similardevices designed for purposes of attracting attention, promotingor advertising." (Emphasis added.) Clearly, this is a ban against commercial flags and all similar commercial devices irrespective of their content. Commercial speech is afforded less constitutional protection than other constitutionally protected expression. Central Hudson Gas v. Public Service Commission,
supra, 447 U.S. 562. The regulation treats all commercial advertising devices in the same way without respect to their content.
The court concludes that the regulation is not more extensive than necessary because while baring the most distracting advertising devices, it does permit the plaintiff to use stationary signs for advertising purposess. The plaintiff has placed five signs on her store, including two neon signs reading "OPEN," one in each of the two store front windows. These signs pose less of a safety hazard than the "open" flag that is prohibited by the zoning regulation in question.
The plaintiff has failed to sustain her burden of demonstrating beyond a reasonable doubt that Section 62.6.3 of the Watertown zoning regulations violates the plaintiff's constitutional right of free speech.
Vertefeuille, J.