[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Town of Killingly, moves for summary judgment in response to the plaintiff's, Robert SE. Carroll's, complaint, filed on June 8, 2000, in which the plaintiff alleges that he was injured by several resident state troopers during the course of his arrest. The plaintiff alleges that, accompanied by several other officers, Trooper CT Page 12625 Terence P. McFadden forcibly removed him from his vehicle, threw him to the ground, handcuffed him and pushed him into the back of a state police cruiser causing physical injury to his person, and, subsequently, denying him appropriate medical care.
The complaint is composed of thirteen counts brought against several members of the Connecticut state police, in their official and individual capacities, Henry Lee, the commissioner of public safety, in his official and individual capacity, the state of Connecticut and the town of Killingly. Attorney David M. Hubert filed an appearance on behalf of the town, and assistant attorney general Stephen R. Sarnoski filed an appearance on behalf of all other named defendants.
The town filed a motion for summary judgment on August 17, 2000, on the ground that the resident state troopers are under the direction and control of the state, and, accordingly, the town cannot, as a matter of law, be held liable for their actions. In accordance with Practice Book § 17-45, the town filed a memorandum of law and an affidavit in support of its motion. At oral argument, the plaintiff presented the court and opposing counsel with a memorandum in opposition to the town's motion, to which the town objected as being untimely. The court allowed the submission of the opposing memorandum and also allowed the town to correct an error pointed out in the plaintiff's opposing memorandum, giving it one day to submit the contract between the town and state police that was in effect at the time of this incident.[1]
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Appleton v. Board of Education, 254 Conn. 205, 209, ___ A.2d ___ (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted.) Miles v. Foley, 253 Conn. 381, 386,752 A.2d 503 (2000).
The town moves for summary judgment on the ground that, as a matter of law, it cannot be held liable for the actions of a resident state trooper. Specifically, the town argues that, in accordance with General Statutes § 29-5, it had a contract with the department of public safety, division of state police, that specifically provided that the CT Page 12626 state, and not the town, would be responsible for all actions of the resident state troopers, who, by statute, fall directly under the supervision and direction of the commissioner of public safety.
The plaintiff argues that, although General Statutes § 29-5 states that the commissioner shall exercise such supervision and control over the resident troopers as he or she deems necessary, there is nothing in the statute that necessarily makes a resident state trooper a state employee rather than a town employee. Thus, the plaintiff argues, in the absence of such statutory authority, the town may not contract away its liability.
General Statutes § 29-5 provides: "The Commissioner of Public Safety may, within available appropriations, appoint suitable persons from the regular state police force as resident state policemen in addition to the regular state police force to be employed and empowered as state policemen in any town or two or more adjoining towns lacking an organized police force, and such officers may be detailed by said commissioner as resident state policemen for regular assignment to such towns, provided each town shall pay. seventy per cent of such cost and other expenses. Such town or towns and the Commissioner of Public Safety are authorized to enter into agreements and contracts for such police services, with the approval of the Attorney General, for periods not exceeding two years. The Commissioner of Public Safety shall exercise such supervision and direction over any resident policeman so appointed as he deems necessary, and each appointee shall be required to conform to the requirements of chapter 67.[2] Each resident state policeman shall have the same powers as officers of the regular state police force and be entitled to the same rights and subject to the same rules and regulations as the Division of State Police within the Department of Public Safety." (Footnote added.)
Directly on point with the issue presented in this motion for summary judgment is an official opinion issued by former Attorney General Joseph I. Lieberman. See Opinions, Conn. Atty. Gen. No. 86-021 (March 11, 1986). "`Although an opinion of the attorney general is not binding on a court, it is entitled to careful consideration and is generally regarded as highly persuasive.'" Velez v. Commissioner of Correction, 250 Conn. 536,545, 738 A.2d 604 (1999), quoting State Medical Society v. Board ofExaminers in Podiatry, 208 Conn. 709, 720, 546 A.2d 830 (1988).
Regarding a town's liability for the actions of a resident state trooper, former Attorney General Lieberman opined that "except in instances of wanton, reckless or malicious conduct which would result in the trooper being personally liable, the State and not the contracting town is responsible for the trooper's actions." Opinions, Conn. Atty. CT Page 12627 Gen. No. 86-021, supra. After a careful review of our general statutes, the court agrees with the former attorney general.
"It is well settled that [w]here the meaning of a statute . . ., is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction." (Internal quotation marks omitted.)Fishbein v. Kozlowski, 252 Conn. 38, 46, 743 A.2d 1110 (1999). General Statutes § 29-5 "clearly states that resident troopers are under the supervision and direction of the Commissioner of Public Safety and that they have the same powers and rights, and are subject to the same rules and regulations as a regular officer of the state police force. Moreover, Section 29-5 specifically states that resident troopers are subject to Chapter 67 of the General Statutes, the State Personnel Act. It is clear that under Section 29-5, resident troopers are state employees and are entitled to the same rights and subject to the same obligations as regular members of the state police force." Opinions, Conn. Atty. Gen. No. 86-021, supra.
Further, it has long since been established that "[w]e ordinarily read statutes to form a consistent, coherent whole. Fahy v. Fahy, 227 Conn. 505,513-14, 630 A.2d 1328 (1993) (`courts must discharge their responsibility to assure that the body of the law — both common and statutory — remains coherent and consistent'). We also do not ordinarily read statutes so as to amend others implicitly. State v. Jason B.,248 Conn. 543, 565, 729 A.2d 760, cert. denied ___ U.S. ___,120 S.Ct. 406,145 L.Ed.2d 316 (1999)." Southington v. Commercial Union Ins.,254 Conn. 348, 362, ___ A.2d (2000); see also In re Michaela Lee R.,253 Conn. 570, 586, ___ A.2d ___ (2000) ("we consider the statutory scheme as a whole and presume that the legislature intended to create a harmonious body of law"). "A reading of Conn. Gen. Stat. § 29-5
together with [other sections of the general statutes, such as §§ 29-8a
(a) and 5-141d (a),] clearly establishes that resident state troopers are employees of the State and liability for their actions rests upon the State. . . . Thus, a town contracting for the services of a resident state trooper is not liable for the actions of that trooper." Opinions, Conn. Atty. Gen. No. 86-021, supra. It is also noted that "resident state troopers come within the very broad definition of state officers and employees contained in Conn. Gen. Stat. § 4-141." Id., n. 1.
In the present case, the plaintiff offers nothing to contradict the opinion of the former attorney general. He merely argues that the statute does not mandate that a resident trooper be a state employee and that a town may not contract away its liability. However, based upon our established rules of statutory construction; see Southington v.Commercial Union Ins., supra, 254 Conn. 362 (statutes should be read to CT Page 12628 form a coherent whole), the court holds that the General Statutes clearly establish that resident state troopers are employees of the state and, therefore, the state, and not the contracting town, is responsible for their actions.
Accordingly, the town's motion for summary judgment is granted.